[Civ. No. 1888. Fifth Dist. Feb. 15, 1973.]

GEORGE H. MINER, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
PEDRO JIMINEZ, JR., Real Party in Interest.

598

## COUNSEL

Hurlbutt, Clevenger & Long and Robert P. Long for Petitioner.

No appearance for Respondent.

Miles, Sears & Eanni and Robert Sears for Real Party in Interest.

## OPINION

**BROWN (G. A.), P. J.**—The question confronting the court is whether a personal injury suit by one employee against a fellow employee, both of whom work for a governmental subdivision, brought pursuant to Labor Code section 3601, subdivision (a)(3),[1] is barred because no claim was filed

---

[1]Labor Code section 3601 as of the time of the accident provided in pertinent part:

"(a) Where the conditions of compensation exist, the right to recover such compensation. pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, except that an employee, or his dependents in the event of his death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against such other employee, as if this division did not apply, in the following cases:

"(3) When the injury or death is proximately caused by an act of such other em-

with the governmental subdivision pursuant to the provisions of Government Code sections 950.2, 945.4 and allied sections. Plaintiff (real party in interest herein) concedes that no claim was filed and that the time for filing a claim has expired. The various time limits for seeking relief from such default have also expired. He contends no claim is required and bottoms his arguments squarely upon the terms of Government Code section 814.2[2] and Government Code section 905, subdivision (d).[3]

For the purpose of this proceeding the facts alleged in the amended complaint are assumed to be true. Those facts, together with the concessions by the parties, establish that petitioner Miner and real party in interest, Pedro Jiminez, Jr., were coemployees of the Navelencia Soil Conservation District, a local governmental entity. On February 14, 1969, while Miner was operating a crane it came in contact with high tension lines, charging it with electricity and severely injuring Jiminez. Jiminez filed for and received workmen's compensation benefits. On February 13, 1970, he filed a complaint in several causes of action sounding in negligence for personal injuries against various named and fictitiously designated defendants, being generally those parties in control of the premises upon which he was working. The cause is pending as to those parties. On May 18, 1972, a first amended complaint was filed and his fellow employee, Miner, was served as a fictitiously named defendant. Aside from the failure to allege the filing of a claim, the amended complaint alleges a cause of action against Miner under Labor Code section 3601, subdivision (a)(3). (See fn. 1.)

Miner demurred to the amended complaint on the ground that the complaint as to him was barred by Jiminez' failure to allege the filing of a claim with the Navelencia Soil Conservation District, Miner's employer, in compliance with the California Tort Claims Act. (Gov. Code, §§ 950.2, 950.4.) The trial court overruled the demurrer. The cause comes to us upon a petition by Miner for a writ of mandate to direct the trial court to sustain the demurrer.

---

ployee which evinces a reckless disregard for the safety of the employee injured, and a calculated and conscious willingness to permit injury or death to such employee."

Subdivision (3) was deleted by subsequent amendment in 1971 which has no bearing upon the disposition of the questions herein.

[2]Government Code section 814.2 provides as follows: "Nothing in this part shall be construed to impliedly repeal any provision of Division 4 (commencing with Section 3201) or Division 4.5 (commencing with Section 6100) of the Labor Code."

[3]Government Code section 905 provides in pertinent part: "There shall be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of this part all claims for money or damages against local public entities except:

"  .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(d) Claims for which the workmen's compensation authorized by Division 4 (commencing with Section 3201) of the Labor Code is the exclusive remedy."

■ Although ordinarily the prerogative writs cannot be used to review rulings on pleadings (*Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439]), mandamus will lie in unusual circumstances where under the facts the discretion of the trial court can be exercised in only one way. (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379].) Since there is no dispute as to the facts in this case but only as to their legal significance, if the trial court was under a legal duty to sustain petitioner's demurrer it may be directed to do so by writ of mandate. (*Babb* v. *Superior Court, supra,* 3 Cal.3d 841.)

Jiminez' contentions can be disposed of by reference to the statutory language of the relevant sections, to the elemental but fundamental distinction between a workmen's compensation claim and a lawsuit for damages and by brief reference to the history of the fellow-servant doctrine.

At common law and before the 1959 amendment to Labor Code section 3601, adding subdivision (a)(1), (2) and (3), fellow servants owed to each other the duty to exercise ordinary care in the transaction of their work, and for failure to do so were liable to each other for resulting personal injuries. (*Lowman* v. *Stafford* (1964) 226 Cal.App.2d 31, 36 [37 Cal.Rptr. 681]; *Cole* v. *State of California* (1970) 11 Cal.App.3d 671, 675 [90 Cal. Rptr. 74].) Subsequent to the 1959 amendment to that section, a fellow employee's liability to civil suit for injuries he might inflict while acting within the scope of his employment has been limited to "proof of (1) a wilful and unprovoked physical act of aggression, or (2) intoxication of such other employee; or (3) acts evincing a reckless disregard for the safety of the other employee (Lab. Code, § 3601)." (*Lowman* v. *Stafford, supra,* 226 Cal.App.2d at p. 39; see also. 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.) § 23.02 (2)[d][i].)

■ It is self-evident that Labor Code section 3601 did not establish or create a new right or cause of action in the employee but severely limited a preexisting right to freely sue a fellow employee for damages. Therefore, the Legislative Committee's comment to Government Code section 814.2,[4] referring to "rights under the Workmen's Compensation Act," must necessarily relate to rights to workmen's compensation and not to the right of one employee to sue a fellow employee for damages, the latter right not having had its origin in the act. Conditioning this residual right to sue a fellow employee in damages upon compliance with the California Tort

---

[4]The Legislative Committee's comment to Government Code section 814.2 states: "This section makes clear that the statute relating to the liability of public entities and public employees has no effect on rights under the Workmen's Compensation Act."

Claims Act in no way contravenes the provisions of Government Code section 814.2 (fn. 2). It does not effect a repeal of any provision of the Workmen's Compensation Act nor has it any effect on rights which trace their sources to that act.

The statutory language is dispositive of the issue. Government Code section 905 requires the filing of a claim except "(d) Claims for which the workmen's compensation authorized by Division 4 (commencing with Section 3201) of the Labor Code is the exclusive remedy." (See fn. 3.) Significantly, the statute refers to "Claims for which the workmen's compensation. . . ." The exception to the requirement for filing a claim definitively applies only to workmen's compensation claims. It does not refer to an independent claim for damages. The definitions emphasize this distinction. Labor Code section 3207 defines compensation as: " 'Compensation' means compensation under Division 4 and includes every benefit or payment conferred by Division 4 upon an injured employee, including vocational rehabilitation, or in the event of his death, upon his dependents, without regard to negligence." Labor Code section 3209, on the other hand, differentiates damages by defining them as: " 'Damages' means the recovery allowed in an action at law as contrasted with compensation."

Labor Code section 3601, subdivision (a), (see fn. 1) itself recognizes the distinction. It states in part: "(a) Where the conditions of compensation exist, the right to recover such compensation . . . is . . . the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, except that an employee . . . shall, *in addition to the right to compensation against the employer, have a right to bring an action at law for damages against such other employee, as if this division did not apply, in the following cases:* . . ." (Italics added.)

Since Government Code section 905, subdivision (d), (see fn. 3) establishes an exception to the claim requirement only for workmen's compensation, and a suit for damages by statutory definition and by precedent is not a suit for such compensation, it necessarily follows that the filing of a claim as a prerequisite to the maintenance of a suit for damages is required.

It also should be noted that Government Code section 905, subdivision (d), (see fn. 3) provides the exception to filing of a claim only when proceeding under the Workmen's Compensation Act is the exclusive remedy. With the exception set forth in Labor Code section 3706, the workmen's compensation procedures and benefits under the act as against the employer are the exclusive remedy and relief to which an employee is entitled. (Lab. Code, § 3601.) However, since an employee has an action for damages against a fellow employee in the limited situations referred to in subparagraphs (1),

(2) and (3) of subdivision (a) of Labor Code section 3601, this is not a matter in which workmen's compensation authorized by the Labor Code is the exclusive remedy.

Since we have concluded that the California Tort Claims Act is applicable and compliance therewith is a mandatory prerequisite to the maintenance of the lawsuit (*C. A. Magistretti Co.* v. *Merced Irrigation Dist.* (1972) 27 Cal. App.3d 270, 274-275 [103 Cal.Rptr. 555]; *Meester* v. *Davies* (1970) 11 Cal.App.3d 342, 348 [89 Cal.Rptr. 711]), the trial court erred in overruling petitioner's demurrer to the complaint.

Let a peremptory writ of mandate issue commanding the trial court to vacate its order overruling petitioner's demurrer to the complaint and to sustain said demurrer without leave to amend.

Gargano, J., and Franson, J., concurred.