[No. A017077. First Dist., Div. Two. Oct. 6, 1982.]

SOIL ENGINEERING CONSTRUCTION, INC., Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
EDWARD MORRILL et al., Real Parties in Interest.

COUNSEL

Thomas, Hall & Kirby, Michael J. McClain and Richard J. Lyding for Petitioner.

No appearance for Respondent.

Thomas E. Horn and Paul H. Melbastad for Real Parties in Interest.

OPINION

**ROUSE, Acting P. J.**—Petitioner, defendant in an action for wrongful death based upon the negligence of an employer, seeks a writ of mandate to compel respondent court to vacate an order issued on March 23, 1982, overruling its demurrer and to enter an order dismissing the action. Petitioner contends that respondent court lacks jurisdiction over the subject matter of the action.

Real parties are plaintiffs in an action brought in their capacity as nondependent heirs and personal representatives of the deceased employee, their son Edward Francis Morrill. The decedent, employed as a laborer by petitioner, met his death on November 24, 1980, in the ordinary course and scope of his employment when a section of the side of a hill on which he was working collapsed and buried him.

Article XIV, section 4, of the California Constitution vests the Legislature with plenary power, unlimited by any provisions of the Constitution, to create and enforce "a complete system of workers' compensation, by appropriate legislation, and in that behalf to create and enforce a liability on the part of any or all persons to compensate any or all of their workers for injury or disability, and their dependents for death incurred or sustained by the said workers in the course of their employment, irrespective of the fault of any party. . . . to the end that the administration of such legislation shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character; all of which matters are expressly declared to be the social public policy of this State, binding upon all departments of the State government."

Section 3600 of the Labor Code, in relevant part, provides: "Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person . . . shall, without regard to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur: [¶] (a) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division. [¶] (b) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the course of his employment. [¶] (c) Where the injury is proximately caused by the employment, either with or without negligence."

Section 3601, in relevant part, provides: "(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is . . . *the exclusive remedy for injury or death of an employee against the employer* . . . ." (Italics added.)

Labor Code section 3207 provides that "'Compensation' means compensation under Division 4 and includes every benefit or payment conferred by Division 4 upon an injured employee . . . or in the event of his death, upon his dependents, without regard to negligence."

Labor Code sections 4700-4709 govern death benefits. Labor Code section 4701 provides: "When an injury causes death, either with or without disability, the employer shall be liable, in addition to any other benefits provided by this division, for: [¶] (a) Reasonable expenses of

the employee's burial, not exceeding one thousand five hundred dollars ($1,500). [¶] (b) A death benefit, to be allowed to the dependents when the employee leaves any person dependent upon him for support."

Labor Code section 4706.5, subdivision (a), provides: "(a) Whenever any fatal injury is suffered by an employee under such circumstances as to entitle the employee to compensation benefits, but for his or her death, and such employee does not leave surviving any person entitled to a dependency death benefit, the employer shall pay a sum to the Department of Industrial Relations equal to the total dependency death benefit that would be payable to a surviving spouse with no dependent minor children."

It is clear from the foregoing statutes that the employer is liable for a death benefit to persons dependent upon the employee for support (§ 4701, subd. (b)), and in the absence of persons dependent upon the employee for support, the employer must pay a sum equal to a death benefit to the Department of Industrial Relations (§ 4706.5, subd. (a)). Section 4706.5 was authorized by article XIV, section 4, of the California Constitution, enacted in the general election of 1972.[1]

Where the "conditions of compensation" exist, the Workers' Compensation Appeals Board has exclusive jurisdiction, and the superior court may not entertain an action for damages against the employer. (*Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76, 83 [293 P.2d 18]; *Treat* v. *Los Angeles Gas etc. Corp.* (1927) 82 Cal.App. 610, 617 [256 P. 447].) The record establishes that, at the time of the injury resulting in death, both the employer and the employee were subject to the compensation provisions of the Workers Compensation Act (§ 3600, subd. (a)); that at the time of injury, the employee was performing service growing out of and incidental to his employment and was acting within the course of his employment (§ 3600, subd. (b)); and that the injury was proximately caused by the employment. (§ 3600, subd. (c).) Where the conditions of compensation exist, the Workers' Compensation Board has exclusive jurisdiction. (§ 3601, subd. (a).)

[1]Article XIV, section 4, provides, in pertinent part: "The Legislature shall have power to provide for the payment of an award to the state in the case of death, arising out of and in the course of the employment, *of an employee without dependents*, and such awards may be used for the payment of extra compensation for subsequent injuries beyond the liability of a single employer for awards to employees of the employer." (Italics added.)

"It has been consistently held, without exception, that section 3601 means precisely what its terms imply. It is said that: 'When an employee's injuries or death are compensable under the Workmen's Compensation Act, the right of the employee or his dependents, as the case may be, to recover such compensation is the exclusive remedy against the employer.' [Citations.] 'In the most explicit terms, section 3600 declares the exclusive character of the employer's workmen's compensation liability in lieu of any *other* liability to *any* person. Sections 3600 and 3601 form a complementary, unmistakable declaration of legislative policy . . . .' [Citation.]" (*Dixon* v. *Ford Motor Co.* (1975) 53 Cal. App.3d 499, 503 [125 Cal.Rptr. 872].)

The exclusive remedy provisions "form part of the quid pro quo of the workers' compensation scheme 'in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts.' [Citation.]" (*Williams* v. *Schwartz* (1976) 61 Cal.App.3d 628, 633-634 [131 Cal.Rptr. 200].) These broad provisions bar real parties' attempt to fasten liability for tort damages upon petitioner. (*Casaccia* v. *Green Valley Disposal Co.* (1976) 62 Cal.App.3d 610, 612-613 [133 Cal.Rptr. 295].)

Let a peremptory writ of mandate issue as prayed for in the petition.

Miller, J., and Smith, J., concurred.

The petition of real parties in interest for a hearing by the Supreme Court was denied January 19, 1983. Grodin, J., did not participate therein. Bird, C. J., was of the opinion .that the petition should be granted.