143 Cal.App.3d 219 (1983)
191 Cal. Rptr. 696
WILLIAM M. IVERSON, Plaintiff and Appellant,
v.
ATLAS PACIFIC ENGINEERING et al., Defendants and Respondents.
Docket No. AO14024.
Court of Appeals of California, First District, Division One.
May 24, 1983.
*222 COUNSEL
Peter M. Stanwyck for Plaintiff and Appellant.
Michael G. Lowe, Hanna, Brophy, Maclean, McAleen & Jensen, Thomas G. Beatty and McNamara, Houston, Dodge, McClure & Ney for Defendants and Respondents.
OPINION
NEWSOM, J.
Appellant filed a complaint for damages against respondents Atlas Pacific Engineering (hereinafter Atlas) and its employee William Cook (hereinafter Cook), which contains causes of action for assault, false imprisonment, intentional infliction of emotional distress and negligence. All causes of action are based upon allegations that Cook wilfully "set up a steel horseshoe target directly above [appellant's] place of work," forced appellant to remain in confined quarters against his will, and repeatedly pounded a large sledge hammer against the target which subjected appellant to "loud crashing noises...." It is further alleged that Atlas "condoned and ratified" the conduct of Cook, after learning of it, by failing to "criticize, censure, terminate, suspend or otherwise sanction or take any action" against him. Appellant complains that his damages include loss of hearing, severe mental anguish, and physical pain and suffering, all of which required the attention of physicians.
This appeal is from a judgment dismissing the complaint, entered upon orders sustaining respondents' demurrers without leave to amend and granting the motion of Atlas for judgment on the pleadings.[1] Appellant claims that the trial court erred by dismissing his causes of action on the ground that Labor Code section 3601 limits his remedy to workers' compensation.[2]
*223 (1) Under the workers' compensation scheme, an employee's remedy against an employer for a work-related injury is, as a general rule, exclusively limited to the benefits provided by statute. (Gigax v. Ralston Purina Co. (1982) 136 Cal. App.3d 591, 597 [186 Cal. Rptr. 395].) According to section 3600: "Liability for the compensation provided by this division, [is] in lieu of any other liability whatsoever to any person...." Section 3601 provides that where "the conditions of compensation" exist, an injured employee is limited to workers' compensation and is precluded from bringing a civil action for damages against his employer. (Soil Engineering Construction, Inc. v. Superior Court (1982) 136 Cal. App.3d 329, 332 [186 Cal. Rptr. 209]; Royster v. Montanez (1982) 134 Cal. App.3d 362, 368 [184 Cal. Rptr. 560].) It also eliminates actions by the employee except in the specific instances provided in subdivisions (a)(1) and (2) of section 3601.[3] (Vellis v. Albertson (1968) 267 Cal. App.2d 285, 291 [72 Cal. Rptr. 841].)
The exclusive remedy provisions are based upon a policy of "reciprocal concessions." (Royster v. Montanez, supra, 134 Cal. App.3d at p. 368.) In exchange for swift and certain compensation for injury, the employee relinquishes the right to recover a potentially greater award for damages; the employer assumes liability without fault, but is relieved of the prospect of a large civil verdict. (Soil Engineering Construction, Inc. v. Superior Court, supra, at p. 333 of 136 Cal. App.3d; Royster, supra, 134 Cal. App.3d at p. 368.)
*224 (2) It is settled that the defendant bears the burden of pleading and proving, as an affirmative defense, that the Workers' Compensation Act is a bar to the employee's civil action. (Doney v. Tambouratgis (1979) 23 Cal.3d 91, 96-97 [151 Cal. Rptr. 347, 587 P.2d 1160]; Popejoy v. Hannon (1951) 37 Cal.2d 159, 173 [231 P.2d 484].) But if the complaint "affirmatively alleges facts indicating coverage by the act," then unless it states additional facts which negate application of the exclusive remedy provision, "no civil action will lie and the complaint is subject to a general demurrer." (Doney, supra, 23 Cal.3d at p. 97; Lowman v. Stafford (1964) 226 Cal. App.2d 31, 35 [37 Cal. Rptr. 681].)
(3) Appellant's complaint alleges that he was injured during the course and scope of his employment. Even so, appellant contends that his pleading does not show coverage under the Workers' Compensation Act, and thus is not subject to demurrer. Under section 3602, the employee retains any common law remedies against an employer "where the conditions of compensation do not concur, ..." (Gigax v. Ralston Purina Co., supra, 136 Cal. App.3d 591, 598.) And section 3852 states, in pertinent part, that an employee's claim for compensation "does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer...." Appellant submits that he is entitled to bring assault and false imprisonment actions against respondent Cook under the express provisions of section 3601, subdivision (a)(1), and against respondent Atlas in accordance with appellate decisions which have sanctioned certain civil actions, for intentional torts, against an employer.
At common law and before the 1959 amendment to section 3601, fellow servants owed a duty of ordinary care in the transaction of their work, and for failure to do so were liable to each other for resulting personal injuries. (Miner v. Superior Court (1973) 30 Cal. App.3d 597, 600 [106 Cal. Rptr. 416].) But in its present form, section 3601, subdivision (a) specifically provides that workers' compensation is the "exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within scope of his employment,..." (italics added) except an action at law may be brought "against such other employee" when injury or death is proximately caused by either (1) a "willful and unprovoked physical act of aggression," (2) the intoxication of the employee, or (3) acts evincing a reckless disregard for the safety of fellow employees. (Miner, supra, at p. 600.) Appellant insists that, as alleged in his complaint, respondent Cook committed a "willful and unprovoked physical act of aggression" and is accordingly subject to civil suit under the terms of section 3601, subdivision (a)(1).
The pleadings allege that Cook forced appellant to remain in a confined area and repeatedly pounded a large sledgehammer against a steel target, causing loud, concussive noises which damaged appellant's hearing and caused him *225 grave emotional distress. The crucial inquiry is: Does Cook's conduct, as alleged in the complaint, constitute a "willful and unprovoked physical act of aggression" within the meaning of section 3601, subdivision (a)(1)? In making this determination, we must remain cognizant of the interpretive rule which mandates a liberal construction of the act in favor of its applicability to civil suits as well as compensation proceedings. (Eckis v. Sea World Corp. (1976) 64 Cal. App.3d 1, 6 [134 Cal. Rptr. 183].)
Our research discloses no case which has defined the term "willful and unprovoked physical act of aggression" as used in subdivision (a)(1) of section 3601. In Mathews v. Workmen's Comp. Appeals Bd. (1972) 6 Cal.3d 719 [100 Cal. Rptr. 301, 493 P.2d 1165], our high court construed a phrase with similar operative effect to the language at issue here and found "initial physical aggressor" in section 3600, subdivision (g)[4] meant "one who first engages in physical conduct which a reasonable man would perceive to be a `"real, present and apparent threat of bodily harm."'" (Id., at p. 727.) The court further explained that, "`[i]t is not necessary that there be a battery before one can be deemed a physical aggressor' [citation]; `"bodily contact... is not the significant factor."' [Citation.] He who by physical conduct first places his opponent in reasonable fear of bodily harm is the `initial physical aggressor.' His act need not actually cause physical harm; throwing a punch or shooting a gun is not necessary. Under appropriate circumstances, clenching a fist or aiming a gun may be sufficient to convey a real, present and apparent threat of physical injury." (Ibid.)
We find the standards announced in Mathews persuasive here. The exception to the exclusive remedy provisions stated in subdivision (a)(1) for a wilful "physical act of aggression" is obviously intended to permit a civil action for damages whenever a coemployee commits an intentional tort by aggressive physical conduct. We follow the analogous interpretation of the court in Mathews, supra, in concluding that, to invoke civil liability under section 3601, subdivision (a)(1), a physical act causing a reasonable fear of harm must be pleaded and proved, but the resulting harm need not also be physical. (6 Cal.3d at p. 727.)
While Cook's conduct, as alleged in appellant's complaint, may not constitute a battery, it may fairly be characterized as a wilful act of physical aggression within the meaning of section 3601, subdivision (a)(1). We therefore conclude that the trial court erred by sustaining the demurrer to appellant's causes of action against Cook.
*226 But, contrary to appellant's contention, liability for Cook's acts cannot be imputed to his employer Atlas. By its terms, subdivision (c) of section 3601 limits the civil liability of employers for the acts of employees. It states: "In no event, either by legal action or by agreement whether entered into by such other employee or on his behalf, shall the employer be held liable, directly or indirectly, for damages awarded against, or for a liability incurred by such other employee under paragraph (1) or (2) of subdivision (a) of this section." Subdivision (c) "protects the employer from common law liability when one employee is liable to another for culpability beyond the range of mere negligence" (Pacific Gas & Elec. Co. v. Morse (1970) 6 Cal. App.3d 707, 714 [86 Cal. Rptr. 7]), and denies any vicarious liability of the employer Atlas for those same acts. (Id., at p. 715.)
Accordingly, any liability of Atlas must be based upon still-developing common law exceptions to the exclusive remedy provisions.
(4) In Johns-Manville Products Corp. v. Superior Court (1980) 27 Cal.3d 465 [165 Cal. Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758], our high court noted that "in some exceptional circumstances the employer is not free from liability at law for his intentional acts even if the resulting injuries to his employees are compensable under workers' compensation" (id., at p. 473), and perceived "a trend toward allowing an action at law for injuries suffered in the employment if the employer acts deliberately for the purpose of injuring the employee or if the harm resulting from the intentional misconduct consists of aggravation of an initial work-related injury." (Id., at p. 476.) Appellant relies upon the intentional tort exception to the exclusive remedy provisions of the Labor Code to support his pleading, and particularly two cases which have employed it: Magliulo v. Superior Court (1975) 47 Cal. App.3d 760 [121 Cal. Rptr. 621], and Meyer v. Graphic Arts International Union (1978) 88 Cal. App.3d 176 [151 Cal. Rptr. 597].
In Magliulo, a waitress alleged in a civil action that her employer "wilfully and maliciously did assault and batter" her, inflicting serious physical and emotional injuries. (Id., 47 Cal. App.3d at p. 763.) In refusing to stay a civil action for damages until the conclusion of the workers' compensation proceedings, the court noted that "the provisions of section 3601... should be read in the light of section 3600 which refers to `without regard to negligence,' and that in the absence of a controlling statute the courts are free to determine whether the employer loses his immunity from civil suit in the event he personally intentionally inflicts an injury on the person of his employee." (Id., at p. 769, italics added.)
The court in Magliulo recognized these factors: (1) since an employee may sue a fellow employee at law for assault (Lab. Code, § 3601, subd. (a)(1)), the *227 same right should be granted against the employer; and (2) an intentional assault by the employer is not a risk or condition of employment. (Id., at pp. 769-770; see also Johns-Manville Products Corp. v. Superior Court, supra, 27 Cal.3d 465, 475.)[5]
Subsequently, in Meyer v. Graphic Arts International Union, supra, 88 Cal. App.3d 176, the court sanctioned a civil action against an employer based upon an assault, battery, false imprisonment and rape by a coemployee. Magliulo was relied upon for the proposition that: "`"Intentional injury inflicted by the employer in person on his employee may be made the subject of a common-law action for damages on the theory that, in such an action, the employer will not be heard to say that his intentional act was an `accidental' injury and so under the exclusive provisions of the compensation act...."'" (Id., at p. 178, italics added; see also Magliulo v. Superior Court, supra, 47 Cal. App.3d 760, 767-768.) From this premise, the court reasoned that the employer, under agency principles, could be held civilly liable to an employee for the intentional torts of a third party employee. The court explained: "Thus the only issue actually before us on this record is whether an employer is liable in a civil action for an assault on an employee where the assault is committed by the employer's agent, acting for the employer, even though the assault is not (as in Magliulo) committed by the employer in person. We conclude that he is. Under the facts here alleged, namely, that the employees acted as the agent of the employer within the scope of their agency, an employer may be held liable in a civil action." (88 Cal. App.3d at pp. 178-179.)
We note that the opinion in Meyer failed to discuss subdivision (c) of section 3601, which insulates the employer from common law vicarious liability to an employee for the acts of another employee. (Pacific Gas & Elec. Co. v. Morse, supra, 6 Cal. App.3d 707, 714-715.)[6] But we think that Meyer and the present case are removed from the scope of subdivision (c) by assertions that the employer engaged in positive misconduct. In Meyer, the pleading charged that plaintiff personally contacted officers of the employer seeking to have the tortfeasor *228 punished, but the employer declined to censure, criticize, suspend or discharge him. (Meyer v. Graphic Arts International Union, supra, 88 Cal. App.3d 176, 177.) Appellant's complaint similarly contains allegations that Atlas failed to "criticize, censure, terminate, suspend or otherwise sanction or take any action" against Cook after being informed of his tortious conduct, and thereby ratified the conduct of its employee. These allegations, if substantiated, would make Atlas liable for the employee's wrongful conduct as a joint participant (Civ. Code, § 2307; Continental Cas. Co. v. Phoenix Constr. Co. (1956) 46 Cal.2d 423, 429 [296 P.2d 801, 57 A.L.R.2d 914]; Davidson v. Welch (1969) 270 Cal. App.2d 220, 226-227 [75 Cal. Rptr. 676]; Reusche v. California Pac. Title Ins. Co. (1965) 231 Cal. App.2d 731, 737 [42 Cal. Rptr. 262]; Thompson v. Machado (1947) 78 Cal. App.2d 870, 876 [178 P.2d 838]), and in light of them we conclude that subdivision (b) of section 3601 does not bar appellant's action, which properly alleges intentional torts against Atlas for its own acts. (Meyer, supra, 88 Cal. App.3d at pp. 178-179.)
Atlas contends that the complaint charges the employer with nothing more than failure to keep a safe workplace, which, according to Johns-Manville, is insufficient to justify an action at law against it. (27 Cal.3d 465, 475; see also Williams v. International Paper Co. (1982) 129 Cal. App.3d 810, 818-819 [181 Cal. Rptr. 342].)[7] We disagree. Atlas mischaracterizes appellant's pleading, which alleges more than mere knowing failure to assure the safety of the physical work environment. Read together, appellant's causes of action charge that Atlas jointly participated in tortious acts committed by its employee, with an intent to injure appellant. The mere safety of the workplace is not an issue as it was in Williams; instead, the complaint alleges intentional torts, committed by a coemployee and ratified by the employer, which are unrelated to the safe maintenance of the work environment.
*229 Thus, appellant's action is not for an accidental injury, and did not arise from his employment relationship with Atlas. (Magliulo v. Superior Court, supra, 47 Cal. App.3d 760, 767-768; Meyer v. Graphic Arts International Union, supra, 88 Cal. App.3d 176, 178.) Additionally, appellant's injuries have been found noncompensable in the workers' compensation proceeding, and as noted in Lagies v. Copley (1980) 110 Cal. App.3d 958, 970 [168 Cal. Rptr. 368], "sound principles of law authorize a plaintiff/employee's civil suit for damages against his employer or coemployees, where either (1) his injuries are not compensable through workers' compensation (Renteria v. County of Orange (1978) 82 Cal. App.3d 833 ...), or (2) where the injuries incurred were not incidents of the employment relationship. (Lab. Code, §§ 3203, 3208, 3600.)"[8] We accordingly find that the causes of action for assault and false imprisonment are not barred by the exclusive remedy provisions of the Labor Code.
(5) We also find recent case support for appellant's causes of action for intentional infliction of emotional distress.
In Renteria v. County of Orange (1978) 82 Cal. App.3d 833 [147 Cal. Rptr. 447], the employee filed an action against his employer and fellow employees, claiming that he was subjected to racial discrimination intended to cause him to resign his employment and suffer mental and physical distress. (Id., at p. 835.) Citing Magliulo, the court concluded that the tort of intentional infliction of emotional distress constitutes "an entire class of civil wrongs outside the contemplation of the workers' compensation system." (Id., at p. 841.) The court also observed that a civil action was particularly appropriate inasmuch as the employee's emotional injury was neither disabling nor compensable under workers' compensation law, thus barring any remedy if an action at law was denied. (Id., at p. 839.) The Renteria court concluded, as had the court in Magliulo, that "`It may therefore be proper to say that the provisions of section 3601 ... should be read in light of section 3600 which refers to "without regard to negligence," and that in the absence of a controlling statute the courts are free to determine whether the employer loses his immunity from civil suit in the event he personally intentionally inflicts an injury to the person of his employee.'" (Id., at p. 838.)
And in McGee v. McNally (1981) 119 Cal. App.3d 891 [174 Cal. Rptr. 253], we approved a cause of action for intentional infliction of emotional distress by an employee who alleged, in substance, that "he had been the victim of a campaign *230 of harassment designed by his supervisors to deprive him of his job and replace him with a fellow worker." (Id., at p. 893.) We opined: "In the case at bench the allegations of physical injury strike us as mere `makeweight'; no actual claim of disability is made. We therefore think it a case in which, adopting the rationale of the decisions cited, compensation outside the Workers' Compensation Act ought to be allowed under appropriate circumstances. As was said in Renteria v. County of Orange, supra, 82 Cal. App.3d 833: `We conclude that an employee's cause of action for intentional infliction of emotional distress constitutes an implied exception to the exclusive remedy provisions of Labor Code section 3601. We note that our conclusion is in accord with that of a distinguished commentator, who states: "If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injuries being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is recovery for physical injury or death, the action should be barred even if it can be cast in the form of a normally non-physical tort." [Citation.]'" (Id., at p. 895.)
We are cognizant of cases decided after Renteria which have disapproved of civil actions where physical injury is alleged to have accompanied intentional infliction of emotional distress (see Gates v. Trans Video Corp. (1979) 93 Cal. App.3d 196 [155 Cal. Rptr. 486], and Ankeny v. Lockheed Missiles & Space Co. (1979) 88 Cal. App.3d 531 [151 Cal. Rptr. 828]), and note that appellant has pleaded specific physical damage  loss of hearing. But the gravamen of his complaint remains emotional harm. He does not claim employment disability, and his injuries have been found noncompensable in the workers' compensation proceeding. The policy which underlies the workers' compensation scheme is not subverted by permitting the employee to pursue an action at law where, as here, his injuries are neither compensable through workers' compensation nor incidents of the employment relationship. (Lagies v. Copley, supra, 110 Cal. App.3d 958, 970; Renteria v. County of Orange, supra, 82 Cal. App.3d 833, 840-841.) And we agree with the observation made in Renteria, that it would be ironic and contrary to the intent and policy behind the law if the Workers' Compensation Act, designed to benefit employees, were to be applied to shield the employer from liability for intentional and outrageous misconduct. (Id., at p. 841; see also Lagies v. Copley, supra, 110 Cal. App.3d at pp. 971-972.)
Atlas complains that appellant cannot sue for both aggressive physical acts and infliction of mere emotional harm. But we find nothing to suggest that these are mutually exclusive actions. Where, as here, intentional physical acts, ratified by the employer, allegedly cause noncompensable harm primarily emotional in nature, we conclude that the exclusive remedy provisions do not preclude civil claims. (McGee v. McNally, supra, 119 Cal. App.3d 891, *231 896-897; Renteria v. County of Orange, supra, 82 Cal. App.3d 833, 840-841; Magliulo v. Superior Court, supra, 47 Cal. App.3d 760, 769-770.)
Finally, we observe that appellant has satisfactorily alleged the elements necessary to state a cause of action for intentional infliction of emotional distress, which are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering and (4) actual and proximate causation of the emotional distress." (Agarwal v. Johnson (1979) 25 Cal.3d 932, 946 [160 Cal. Rptr. 141]; quoting from Newby v. Alto Riviera Apartments (1976) 60 Cal. App.3d 288, 296 [131 Cal. Rptr. 547].)
Outrageous conduct, the only element of the tort at issue here, requires more than "`mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities....'" (Lagies v. Copley, supra, 110 Cal. App.3d 958, 972; Newby v. Alto Riviera Apartments, supra, 60 Cal. App.3d at p. 297.) "Behavior may be considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally and unreasonably with the recognition that the acts are likely to result in illness through mental distress." (60 Cal. App.3d at p. 297.) In our view, Cook's conduct, allegedly ratified by Atlas, reasonably falls within that definition of "outrageous."
The judgment is reversed and the case is remanded to the trial court for proceedings consistent with the views expressed herein.
Racanelli, P.J., and Elkington, J., concurred.
The petition of respondent Atlas Pacific Engineering for a hearing by the Supreme Court was denied August 18, 1983.
NOTES
[1] In the special and general demurrers filed by respondents, many deficiencies in appellant's pleading were cited in addition to the jurisdictional defects. But the trial court sustained the demurrers and dismissed appellant's action on the sole ground that the exclusive remedy provisions of the Labor Code bar any civil action against respondents. The parties agree that only the exclusive remedy provisions are of issue on appeal, although appellant also raises the argument that his causes of action for intentional infliction of emotional distress satisfactorily pleads outrageous conduct.

Appellant does not argue that his cause of action for negligence (XII) was erroneously dismissed. It is clearly barred by Labor Code sections 3600 and 3601.
[2] Unless otherwise indicated, all statutory references are to the Labor Code.

We deal here with versions of the pertinent sections of the Labor Code which were in effect at the time of appellant's injury, before the 1982 amendments to and the renumbering of a number of the Labor Code sections we cite. We use the present tense to refer to the governing statutes as they apply to the case before us, but emphasize that such statutes have been revised.
[3] In full, section 3601 states: "(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, except that an employee, or his dependents in the event of his death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against such other employee, as if this division did not apply, in either of the following cases:

"(1) When the injury or death is proximately caused by the willful and unprovoked physical act of aggression of such other employee.
"(2) When the injury or death is proximately caused by the intoxication of such other employee.
"(b) An act which will not sustain an independent action for damages against such other employee under paragraph (1) or (2) of subdivision (a) of this section may nevertheless be the basis of a finding of serious and willful misconduct under Section 4553 or 4553.1, if (1) such other employee is established to be one through whom the employer may be charged under Section 4553; (2) such act of such other employee shall be established to have been the proximate cause of the injury or death; and (3) such act is established to have been of a nature, kind, and degree sufficient to support a finding of serious and willful misconduct under Section 4553 or 4553.1.
"(c) In no event, either by legal action or by agreement whether entered into by such other employee or on his behalf, shall the employer be held liable, directly or indirectly, for damages awarded against, or for a liability incurred by such other employee under paragraph (1) or (2) of subdivision (a) of this section.
"(d) No employee shall be held liable, directly or indirectly, to his employer, for injury or death of a coemployee except where the injured employee or his dependents obtain a recovery under subdivision (a) of this section."
[4] Section 3600, subdivision (g), bars recovery of workers' compensation benefits to one who is the "initial physical aggressor" in an altercation which results in injuries.
[5] Quoting from Conway v. Globin (1951) 105 Cal. App.2d 495, 498, [233 P.2d 612], where a demurrer to a civil action for wilful assault and battery based upon the exclusive remedy provisions was found improperly sustained, the court explained: "`But that is not to say that an intentional assault by the employer is a risk or condition incident to the employment. To so hold would be not only to sanction indirectly conduct of the employer which is both tortious and criminal, but also would be to permit the employer to use the Workmen's Compensation Act to shield him from his larger civil liability, which liability would exist independent of the common law defenses to personal injury actions by employee which prevailed prior to the advent of the Workmen's Compensation Act.' [Citations.]" (47 Cal. App.3d at p. 770.)
[6] Our high court cited both Meyer and Magliulo with approval in Johns-Manville Products Corp. v. Superior Court, supra, 27 Cal.3d 465, but only for the proposition that "A physical assault by the employer upon the employee has been held to justify an action at law against the employer." (Id., at p. 475, italics added.)
[7] In Williams, supra, the court observed that in Johns-Manville Products Corp. v. Superior Court, supra, 27 Cal.3d 465, the holding of Magliulo v. Superior Court, supra, 47 Cal. App.3d 760 was interpreted as authorizing a common law action against the employer only "`where the employer is charged with intentional misconduct which goes beyond his failure to assure that ... the physical environment of a workplace [is] safe, ...'" (Id., 129 Cal. App.3d at p. 818.) The court added: "We agree with the perceptive observation of the commentator who recently concluded that `... the rule requiring that the employer act deliberately for the purpose of injuring the employee would not necessarily warrant an action at law for all intentional torts. For example, acts of gross negligence or recklessness may be categorized as being intentional, yet they are not considered acts intended to injure. They are labeled "intentional" only because the law implies intent in such conduct. Furthermore, the conduct may still be considered accidental as being a part of the hazards of the work environment, because the resulting injuries were not actually intended or contemplated. Thus, precluding actions at law for those intentional torts committed without a specific intent to injure would be consistent with the traditional policy of relying on workers' compensation to cover "accidents" on the job. [¶] It seems, therefore, that a worker will be granted an action at law against his employer for injuries falling within workers' compensation if he pleads that the injuries sustained were deliberately and willfully inflicted by the employer. If the employee is unable to prove specific intent to injure, he will be precluded from receiving damages and will have to resort to workers' compensation as his only remedy.' [Citations.] Here plaintiff neither alleged nor proved that his employer acted deliberately with the specific intent to injure him." (129 Cal. App.3d at pp. 818-819.)
[8] The record shows that the damage to appellant's hearing was not given a ratable disability, and no further compensable damages were either sought or awarded. Respondents complain that workers' compensation may be awarded for emotional suffering which causes physical injury, but, as noted in Renteria v. County of Orange, supra, 82 Cal. App.3d 833, 839-840, no decisional or statutory authority states that "mental suffering, as such, is a compensable injury." Here, it appears that neither the loss of hearing nor any alleged emotional damages are compensable under the Workers' Compensation Act.