Opinion
 

 KING, J.
 

 I. Introduction
 

 In this case we hold that a tort action for an employer’s negligent or reckless failure to provide adequate premises security despite knowledge of danger to its employees is precluded by the exclusive remedy provisions of the workers’ compensation law (Lab. Code, §§ 3600, 3601, 3602).
 

 Thomas J. Arendell and Chase Wilson appeal from a summary judgment, based on workers’ compensation exclusivity, in their personal injury action against their employer, Auto Parts Club, Inc. We affirm.
 

 II. Background
 

 On January 5, 1993, three youths assaulted Arendell and Wilson at gunpoint at the Auto Parts Club store in Oakland. The youths bound, gagged, threatened and robbed the two employees, and then kidnapped Arendell, releasing him about an hour later. Both employees suffered substantial and enduring emotional distress as a result of the incident and received workers’ compensation disability payments.
 

 Arendell and Wilson filed a tort action against the Auto Parts Club, asserting causes of action for negligence, premises liability, and “serious and willful misconduct and reckless disregard.” The complaint alleged negligent and reckless failure to provide adequate security for employees despite a known crime risk.
 

 The Auto Parts Club moved for summary judgment on the ground of workers’ compensation exclusivity. In opposing summary judgment, Arendell and Wilson presented the following evidence: The store is in a high-
 
 *1264
 
 crime area of Oakland. There had been two armed robberies on the premises in the previous seven months—in one incident the perpetrators had pointed a firearm at Arendell and threatened him with death—as well as numerous aggressive shopliftings and thefts by employees. The store had no security system, no guards, and inadequate exterior lighting. Employees had complained to management about the lack of security, but to no avail.
 

 The court granted the motion and rendered summary judgment for the Auto Parts Club.
 
 [1]
 

 III. Discussion
 

 Arendell and Wilson contend they have avoided the workers’ compensation exclusivity rule by alleging facts constituting a refusal to take corrective, preventative or remedial security measures despite a known risk of danger.
 

 The applicable law is set forth in
 
 Fermino
 
 v.
 
 Fedco, Inc.
 
 (1994) 7 Cal.4th 701 [30 Cal.Rptr.2d 18, 872 P.2d 559], where the Supreme Court described a “tripartite system for classifying injuries arising in the course of employment.”
 
 (Id.
 
 at p. 713.) “First, there are injuries caused by employer negligence or without employer fault that are compensated at the normal rate under the workers’ compensation system.”
 
 (Id.
 
 at pp. 713-714.) These injuries are subject to workers’ compensation exclusivity. “Second, there are injuries caused by ordinary employer conduct that intentionally, knowingly or recklessly harms an employee, for which the employee may be entitled to extra compensation under [Labor Code] section 4553.”
 
 (Ibid.)
 
 These also are subject to workers’ compensation exclusivity, but the employee is entitled to a 50 percent increase in compensation if the injury results from the employer’s “serious and willful misconduct.” (Lab. Code, § 4553.) “Third, there are certain types of
 
 intentional
 
 employer conduct which bring the employer beyond the boundaries of the compensation bargain, for which a civil action may be brought."
 
 (Fermino
 
 v.
 
 Fedco, Inc., supra,
 
 7 Cal.4th at p. 714, italics added.) Intentional conduct is beyond the compensation bargain if it could not be considered a normal risk of employment or is contrary to fundamental public policy.
 
 (Id.
 
 at pp. 714-715.)
 

 The purported conduct of Auto Parts Club is only within the first or second of these categories, and thus is subject to workers’ compensation
 
 *1265
 
 exclusivity with a possible 50 percent increase for serious and willful misconduct. The third category is limited, by the express language of
 
 Fermino,
 
 to
 
 intentional
 
 conduct, which is not alleged here. An intentional tort is one in which the actor “desires to cause consequences of his act” or “believes that the consequences are substantially certain to result from it.” (Rest.2d Torts, § 8A.) “The modern view respecting actionable intentional misconduct by the employer is that it must be alleged and proved that the employer ‘acted deliberately with the specific intent to injure’ the employee.”
 
 (Roberts
 
 v.
 
 Pup “N” Taco Driveup
 
 (1984) 160 Cal.App.3d 278, 283 [206 Cal.Rptr. 533], quoting
 
 Williams
 
 v.
 
 International Paper Co.
 
 (1982) 129 Cal.App.3d 810, 818-819 [181 Cal.Rptr. 342].) The complaint in this case alleges only negligence and recklessness, not a desire to cause the injurious consequences or a belief that they were substantially certain to result. The foundation for potential avoidance of workers’ compensation exclusivity—intentional conduct—is simply absent.
 

 Arendell and Wilson rely on
 
 Meyer
 
 v.
 
 Graphic Arts International Union
 
 (1979) 88 Cal.App.3d 176 [151 Cal.Rptr. 597], and
 
 Iverson
 
 v.
 
 Atlas Pacific Engineering
 
 (1983) 143 Cal.App.3d 219 [191 Cal.Rptr. 696], which found no workers’ compensation exclusivity for employees’ civil actions against employers arising from intentional tortious conduct by other employees. But in both those cases intentional tortious conduct was attributable to the employer: in
 
 Meyer
 
 the complaint alleged that the tortfeasing employees were acting as agents of the employer within the scope of their agency (
 
 Meyer
 
 v.
 
 Graphic Arts International Union, supra,
 
 88 Cal.App.3d at pp. 178-179), while in
 
 Iverson
 
 the complaint alleged that the employer ratified and jointly participated in the tortfeasing employee’s acts with intent to injure the victim
 
 {Iverson
 
 v.
 
 Atlas Pacific Engineering, supra,
 
 143 Cal.App.3d at p. 228). (See
 
 Fermino
 
 v.
 
 Fedco, Inc., supra,
 
 7 Cal.4th at p. 718
 
 [Meyer
 
 and
 
 Iverson
 
 concerned “employer” acts of assault and false imprisonment].) Here, in contrast, there are no similar allegations of intentional tortious conduct by the Auto Parts Club through agency, ratification or joint participation.
 

 Fermino
 
 does not recognize a “beyond the compensation bargain” exception for negligent or reckless behavior. But even if there were such an exception, we doubt it would apply here. Sadly, in these days of increased urban crimes of violence, such crimes can also occur in the workplace, just as they do on the street. However, there is no fundamental public policy requiring a retail employer to provide adequate store security; to the contrary, there is a “well-established policy” against forcing landowners to insure public safety.
 
 {Ann M.
 
 v.
 
 Pacific Plaza Shopping Center
 
 (1993) 6 Cal.4th 666, 679 [25 Cal.Rptr.2d 137, 863 P.2d 207].) That policy yields
 
 *1266
 
 where there is a high degree of foreseeability of danger
 
 (ibid.),
 
 but this does not mean there is a converse public policy requiring security measures. Judicial declarations of public policy usually rely on statutory or constitutional expressions (see
 
 Gantt
 
 v.
 
 Sentry Insurance
 
 (1992) 1 Cal.4th 1083, 1094 [4 Cal.Rptr.2d 874, 824 P.2d 680]), neither of which is present here. An employer’s failure to take adequate security measures despite a known risk of harm may be reprehensible, justifying a 50 percent penalty under the workers’ compensation law for serious and willful misconduct (Lab. Code, § 4553), but it invokes no fundamental public policy that we can discern.
 

 We conclude the court properly granted summary judgment on the ground the action is precluded by the exclusive remedy provisions of the workers’ compensation law.
 

 IV. Disposition
 

 The judgment is affirmed.
 

 Peterson, P. J., and Haning, J., concurred.
 

 [1]
 

 Arendell and Wilson purport to appeal from the nonappealable order granting summary judgment, rather than the appealable summary judgment. In the interests of justice and to avoid delay, we construe the appeal as having been taken from the judgment. (See
 
 Avila
 
 v.
 
 Standard Oil Co.
 
 (1985) 167 Cal.App.3d 441, 445 [213 Cal.Rptr. 314].)