89 Cal.Rptr.2d 790 (2000)
75 Cal.App.4th 1195
Manuel TORRES et al., Plaintiffs and Appellants,
v.
PARKHOUSE TIRE SERVICE, INC. et al., Defendants and Respondents.
No. D031296.
Court of Appeal, Fourth District, Division One.
October 27, 1999.
Review Granted January 19, 2000.
*791 Moreno & Associates, Andres Moreno and William Baker, San Diego, for Plaintiffs and Appellants.
Post, Kirby, Noonan & Sweat and David B. Oberholtzer, San Diego, for Defendant and Respondent Roy G. Naas.
Richard F. Wolfe and David G. Axtmann, San Diego, for Defendant and Respondent Parkhouse Tire Service, Inc.
McINTYRE, J.
Manuel Torres and Adelina Garcia Torres appeal a defense judgment on their action for personal injury and loss of consortium. They contend the court erroneously instructed the jury on the intent necessary to establish an employee's liability for injuries inflicted on another employee so as to meet the exception to the exclusive workers' compensation remedy set out in (Labor Code section 3601, subdivision (a)(1).) (All statutory references are to the Labor Code unless otherwise indicated.) We agree and reverse the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
Manuel Torres repaired and installed tires for Parkhouse Tire Service, Inc. (Parkhouse). Roy G. Naas, a Parkhouse sales representative, approached Torres from behind while he was on his knees working on a tire. Naas, without saying a word, grabbed Torres's back support belt, lifted him off the ground several times, and then dropped him on his knees. Torres suffered a back injury and has not returned to work for Parkhouse. Torres claims the attack was malicious, while Naas contends it was innocent horseplay.
The Torreses sued Parkhouse and Naas seeking damages for personal injury and loss of consortium. The court instructed the jury that in order for Torres to recover for personal injury, he had to establish *792 that (1) his "injury was caused by a willful and unprovoked physical act of aggression on the part of [Naas]" and (2) Naas "committed the act with the intent to cause injury." The jury returned a special verdict finding that Naas did not "commit a willful and unprovoked act of physical aggression against plaintiff Manuel Torres with the intent to cause injury."

DISCUSSION
Resolution of this appeal turns on the interpretation of section 3601, subdivision (a)(1), which provides an exception to the exclusive workers' compensation remedy for work related injuries or deaths caused by coemployees: "When the injury or death is proximately caused by the willful and unprovoked physical act of aggression of the other employee." The issue is whether the statute also requires an additional elementthat not only must the coemployee commit a willful act of physical aggression which causes injury, but he or she must also specifically intend to injure the other employee. We conclude that specific intent to injure is not an element of the statute. Since this element was erroneously added in the trial court's instructions, we must reverse the judgment.
In interpreting a statute, "we follow the Legislature's intent, as exhibited by the plain meaning of the actual words of the law." (People v. Loeun (1997) 17 Cal.4th 1, 9, 69 Cal.Rptr.2d 776, 947 P.2d 1313.) A court cannot add to, omit, or alter words to cause the meaning of a statute to conform to a presumed intention that is not expressed. (Code Civ. Proc, § 1858; California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist. (1997) 14 Cal.4th 627, 633, 59 Cal.Rptr.2d 671, 927 P.2d 1175; Burden v. Snowden (1992) 2 Cal.4th 556, 562, 7 Cal.Rptr.2d 531, 828 P.2d 672.)
The language of Section 3601, subdivision (a)(1) requires a physical act of aggression that is willful and unprovoked, and that the injury be "proximately caused" by such act. The statute does not state that the injury must be "intentionally" or "willfully" caused by the physical act of aggression. If the Legislature had intended such a requirement, it would have used these words, which, indeed, it did in enacting related workers' compensation laws. For example, section 3600 provides that workers' compensation benefits are not available where the injury is "intentionally self inflicted" or where the employee has "willfully and deliberately caused his or her own death." (§ 3600, subd. (a)(5) & (6).) The fact that these terms are used in section 3600 and not in section 3601, subdivision (a)(1), further indicates that the Legislature did not intend to require that the injury be intentionally or willfully caused by the coemployee. (See City of Port Hueneme v. City of Oxnard (1959) 52 Cal.2d 385, 395, 341 P.2d 318.)
It is the physical act that must be willful and unprovoked; if such act proximately causes injury, the exception in section 3601, subdivision (a)(1) applies. We are not at liberty to add terms or rewrite the statute to add an additional element of specific intent to cause injury. (Burden v. Snowden, supra, 2 Cal.4th at p. 562, 7 Cal.Rptr.2d 531, 828 P.2d 672.) (Ironically, the dissent states that our opinion reads into the statute language that the Legislature did not provide. (Dis.opn, p. 794.) On the contrary, it is the dissent that reads into section 3601, subdivision (a)(1) a requirement that the injury or death be willfully or intentionally caused when the statute does not so state.)
The instruction used by the trial court was based on Soares v. City of Oakland (1992) 9 Cal.App.4th 1822, 1826-1829, 12 Cal.Rptr.2d 405, in which the court interpreted the term "willful" in section 3601, subdivision (a)(1) to require a specific intent to injure. The Soares court reasoned that the statutory language "physical act of aggression" subsumes all common law batteries and concluded that since all batteries are willful, the term "willful" must *793 refer to a specific intent to injure if it is to have any meaning. (Soares v. City of Oakland, supra, 9 Cal.App.4th at p. 1830, 12 Cal.Rptr.2d 405.) The court also regarded this holding as consistent with the exclusive remedy policy of the workers' compensation scheme. (Id. at p. 1828, 12 Cal. Rptr.2d 405.)
The difficulty with the Soares holding is that it is based on a faulty premise. A "physical act of aggression" requires aggressive physical conduct, but does not require any physical contactan essential element of a battery. (See Mathews v. Workmen's Comp. Appeals Bd. (1972) 6 Cal.3d 719, 727, 100 Cal.Rptr. 301, 493 P.2d 1165 ["`[i]t is not necessary that there be a battery before one can be deemed a physical aggressor'"][1]; see also Iverson v. Atlas Pacific Engineering (1983) 143 Cal.App.3d 219, 225, 191 Cal. Rptr. 696 [willful act of aggression does not require a battery].) Furthermore, a battery is any nonconsensual offensive contact. There is no requirement that the contact be the result of a physical act of aggression, and thus many batteries would not involve such conduct.
Because "physical act of aggression" does not subsume all common law batteries as suggested in Soares, we find the court's conclusion that the Legislature must have intended the term "willful" to require an intent to injure unavailing. Rather, "willful" relates to the conduct, requiring the intent to commit aggressive physical conduct, rather than an intent to inflict injury or death. The Soares court simply was not at liberty to add an extra element of specific intent so that section 3601, subdivision (a)(1) would conform to its notion of the policy behind the workers' compensation scheme.
In conclusion, we hold that an employee can establish an exception to workers' compensation exclusivity when a willful and unprovoked physical act of aggression by a coemployee proximately causes injury or death, regardless of whether the coemployee intended to cause injury.
Since the court's instruction and special verdict form required a finding of intent to cause injury to establish liability, we must reverse the judgment. (See Soule v. General Motors Corp. (1994) 8 Cal.4th at 548, 570-571, 34 Cal.Rptr.2d 607, 882 P.2d 298.) As respondents acknowledge, the evidence suggests it is reasonably probable that absent the error, the jury would have found them liable. Moreover, their counsel emphasized the intent instruction in closing argument, and during deliberations the jury inquired twice about its meaning, suggesting that it was a critical factor in their decision. We therefore reverse the judgment and remand the matter for retrial. On retrial, the Torreses will have the burden of proof to show that Naas committed a "willful and unprovoked physical act of aggression," but they need not establish an intent to injure.

DISPOSITION
The judgment is reversed and the case is remanded for a new trial. The Torreses are to recover their costs on appeal.
NARES, J., concurs.
*794 KREMER, P.J., dissenting.
The trial court followed Soares v. City of Oakland (1992) 9 Cal.App.4th 1822, 12 Cal. Rptr.2d 405, which held Labor Code[1] section 3601, subdivision (a)(1) required a specific intent to injure. The majority rejects Soares, reasoning that because the Legislature did not expressly require an intent to injure, therefore an intent to injure is not required. Under the majority's reasoning, section 3601, subdivision (a)(1) requires proof only of an intent to commit the physical conduct rather than a specific intent to injure. (Maj.opn., p. 793.) In other words, under the majority's view, all that is required is a battery, i.e., an unconsented touching. The majority reads into the statute language the Legislature did not provide, i.e., that only an intent to do the act is required, and ignores clear California Supreme Court precedent that supports a contrary conclusion.
Section 3601, subdivision (a)(1)'s exception to the exclusivity provisions of the worker's compensation law echoes section 3600, subdivision (a)(7), which exempts an employer from worker's compensation liability "[w]here the injury ... arise[s] out of an altercation in which the injured employee is the initial physical aggressor." Section 3600, subdivision (a)(7) was construed by our Supreme Court as requiring an intent to harm. In Mathews v. Workmen's Comp. Appeals Bd. (1972) 6 Cal.3d 719, 100 Cal.Rptr. 301, 493 P.2d 1165, the Supreme Court stated:
"To `arise out of an altercation' as required by section 3600, subdivision [(a)(7)],[2] an injury must result from an exchange between two or more persons characterized by an atmosphere of animosity and a willingness to inflict bodily harm. An altercation is distinguishable from `horseplay' or `skylarking,' neither of which involves such animosity, although either may result in bodily harm." (Id. at p. 726, 100 Cal.Rptr. 301, 493 P.2d 1165.)
The Supreme Court further stated, in addressing "what type of conduct the Legislature intended to discourage when it denied compensation to an `initial physical aggressor'" (Mathews v. Workmen's Comp. Appeals Bd., supra, 6 Cal.3d at p. 726, 100 Cal.Rptr. 301, 493 P.2d 1165):
"The Legislature's use of the word `physical' indicates that it was primarily concerned with the increased risk of injury which arises when a quarrel moves from an exchange of hostile words and nonviolent gestures to a trading of physical blows. Thus, one is not an `initial physical aggressor' so long as he confines his antagonism to arguments, epithets, obscenities or insults. Instead, an `initial physical aggressor' is one who first engages in physical conduct which a reasonable man would perceive to be a `"real, present and apparent threat of bodily harm."'" (Id, at pp. 726-727, 100 Cal.Rptr. 301, 493 P.2d 1165.)
The statutory language of "an unprovoked physical act of aggression" in section 3601, subdivision (a)(1) clearly describes a situation similar to section 3600, subdivision (a)(7)'s language of an altercation with injuries inflicted by the initial physical (unprovoked) aggressor. There is no logical reason not to believe that the same concerns underlie both statutes, i.e., concerns about altercations and "physical act[s] of aggression" characterized by animosity and a willingness to do bodily harm. Therefore, the same requirement of a willingness to do harm should apply to both statutes. Such a willingness to do harm is necessary to exclude injuries due to "horseplay" or "skylarking," situations involving mere negligence, which the Supreme Court explained were not encompassed within the worker's compensation statutory exemption. Under the majority's definition, injuries due to "horseplay" *795 or "skylarking" would not be excluded since the majority only requires an intent to do the act that results in the injury, regardless of intent.
It appears the majority in reaching their conclusion, was led astray by assumptions that are made in analyzing a criminal law statute, i.e., when the Legislature does not require a particular intent, all that is required is a general intent to do the act. The Supreme Court has specifically indicated a criminal law approach should not be used in interpreting worker's compensation law. In Mathews, the Supreme Court rejected the suggestion the interpretation of the similar worker's compensation statute applying to employers "should be governed by the rules of criminal law defining assault." (Mathews v. Workmen's Comp. Appeals Bd., supra, 6 Cal.3d 719, 727, fn. 4, 100 Cal.Rptr. 301, 493 P.2d 1165.) The Supreme Court explained:
"Had the Legislature intended to adopt those rules, it surely would have used the technical terms of the criminal law rather than the words it chose. Although there may be a highly developed body of law covering criminal assault, it was designed to meet different problems and effectuate different polices. Its technical rules and distinctions should not be applied mechanically to workmen's compensation law." (Ibid.)
Thus, the majority's apparent reliance on the criminal law of assault (requiring only a general intent to do the act) results in a flawed analysis.
While the specific intent to injure language of Soares, which was used in the instructions to the jury here, may not have been perfect, it comes much closer to requirement of an intent to inflict harm that has been recognized by our Supreme Court.
NOTES
[1] The Mathews court was construing section 3600, subdivision (a)(7), which provides that an employee may not receive benefits for an injury that "arise[s] out of an altercation" in which he is the "initial physical aggressor." In defining "altercation," the court stated there must be an exchange "characterised by an atmosphere of animosity and willingness to [fight]." (Mathews v. Workmen's Comp. Appeals Bd., supra, 6 Cal.3d at p. 726, 100 Cal.Rptr. 301, 493 P.2d 1165.) The dissent has seized on this language as somehow requiring that an intent to injure be read into section 3601, subdivision (a)(1). Not so. Section 3601, subdivision (a)(1) makes no reference to and does not require an "altercation" in order for the exception to apply. More importantly, the statute does not state that the injury must be intentionally or willfully caused by an act of physical aggression, and we will not read in such a requirement.
[1] All further statutory references are to the Labor Code unless otherwise specified.
[2] At the time of the Mathews decision, section 3600, subdivision (a)(7) was contained in section 3600, subdivision (g).