[No. A044579. First Dist., Div. Four. Dec. 20, 1989.]

CAROL FARRON et al., Plaintiffs and Appellants, v.
CITY AND COUNTY OF SAN FRANCISCO et al., Defendants
and Respondents.

COUNSEL

Stephen Kaus, James M. Wagstaffe, Elizabeth Arnold and Kaus, Kerr & Wagstaffe for Plaintiffs and Appellants.

Louise H. Renne, City Attorney, Dennis Aftergut, Assistant City Attorney, Burke E. Delventhal and David Benjamin, Deputy City Attorneys, for Defendants and Respondents.

OPINION

PERLEY, J.—Carol Farron, Ted Fang and the San Francisco Independent (appellants) appeal from the judgment entered in favor of the respondent City and County of San Francisco (City) following the trial court's granting of a motion for summary judgment. Appellants contend that the trial court erred in determining that the issue of whether the Ralph M. Brown Act (Brown Act) (Gov. Code, § 54950 et seq.)[1] was violated by the mayor's appointment of an advisory committee which included two members of the City's board of supervisors was moot. We conclude that the issue is not moot in light of its general public interest and because it is likely to recur in the future and therefore reach the merits of appellants' Brown Act claim.

FACTS

On February 23, 1988, following controversy over the issue of the demolition of single family houses in the City, the mayor announced the formation of the San Francisco Housing Demolition Task Force (Task Force). The purpose of the Task Force was to formulate legislation creating permanent zoning controls to replace an interim demolition moratorium that had earlier been passed by the board of supervisors. The Task Force included two members of the board of supervisors.

The meetings of the Task Force were closed to the public. On March 7, 1988, Ted Fang, the publisher of the San Francisco Independent, a weekly newspaper, wrote to the city attorney requesting that meetings of the Task Force be held in public because closed meetings violated the Brown Act. On March 15, 1988, the mayor responded to Fang's letter and stated that the city attorney had opined that the Brown Act was inapplicable to the Task Force because the Task Force was an informal advisory body and not a "legislative body" within the meaning of the Brown Act.

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

On April 1, 1988, respondents filed a complaint seeking a temporary restraining order to prevent the Task Force from meeting in private and a declaration that the Task Force is subject to the Brown Act. The complaint further sought a writ of mandate compelling the Task Force to hold its meetings in public.

The Task Force completed its work in June 1988. It presented the mayor with proposed legislation regulating the demolition of housing on an interim basis. The proposed legislation was submitted to the planning commission for public hearing.

On June 16, 1988, appellants moved for summary judgment on the ground that the secret meetings of the Task Force violated the Brown Act. The City cross-moved for summary judgment contending that the Brown Act did not apply to advisory committees of an executive officer, that the Task Force was not a "legislative body" within the meaning of the Brown Act and that the action was moot. The trial court granted the City's cross-motion on the ground that the case was moot.

## DISCUSSION

■ Appellants contend that the trial court erred in ruling that the action was moot. Although the Task Force completed its work prior to the trial court's hearing on appellants' motion for summary judgment, we hold that this case is not moot, because the issue of whether the Brown Act is applicable to advisory committees which include members of the board of supervisors is an issue that may recur in the future and is a question of general public interest. (*County of Madera* v. *Gendron* (1963) 59 Cal.2d 798, 804 [31 Cal.Rptr. 302, 382 P.2d 342, 6 A.L.R.3d 555] [holding that case was not moot because issue was one of general public interest which if not resolved would create uncertainty]; *West Bay Sanitary Dist.* v. *City of East Palo Alto* (1987) 191 Cal.App.3d 1507, 1510 [237 Cal.Rptr. 245] [appeal not moot where issue might recur in the future and some public interest involved]; see also, *Globe Newspaper Co.* v. *Superior Court* (1982) 457 U.S. 596, 603 [73 L.Ed.2d 248, 254, 102 S.Ct. 2613] [court has jurisdiction to decide issue which is "'capable of repetition, yet evading review'"].)

■ While the trial court's ruling granting summary judgment in favor of the City was based on mootness, its judgment may nonetheless be upheld if it is "right upon any theory of the law applicable to the case . . . ." (*Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117].) We

must therefore decide whether the Task Force was a legislative body within the meaning of the Brown Act.

The Brown Act provides that all meetings of a "legislative body" of a local agency are to be open and public. (§ 54953.) The Brown Act is directed toward the conduct of public officials and seeks to insure that "their actions be taken openly and that their deliberations be conducted openly. [¶] . . . The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created." (§ 54950.)

Appellants contend that the Task Force constituted a legislative body within the meaning of the Brown Act because it included two members of the board of supervisors who served on the Task Force in their official capacities.

The term "legislative body" is defined in section 54952 as "the governing board, commission, directors or body of a local agency, or any board or commission thereof, and shall include any board, commission, committee, or other body on which officers of a local agency serve in their official capacity as members and which is supported in whole or in part by funds provided by such agency, whether such board, commission, committee or other body is organized and operated by such local agency or by a private corporation." " 'Local agency' " includes cities and counties and hence the City is a local agency within the meaning of the Brown Act. (§ 54951.)

The board of supervisors is the legislative body of the City pursuant to its charter and under the Brown Act. (Charter, art. II, § 2.100 et seq-; § 54952.) The Task Force at issue, however, was formed by the mayor and included only two members of the board of supervisors.[2]

The question presented by this appeal, hence, is whether the two members of the board of supervisors served on the Task Force in their "official capacity."

The term, "official capacity," is not defined in the Brown Act. The Attorney General and Division Three of this District, however, have addressed

---

[2] We note that pursuant to section 54952.3, if the board of supervisors had formed the Task Force at issue "by charter, ordinance, resolution or by any similar formal action . . .", it would have been subject to the Brown Act.

the issue. (*Yoffie* v. *Marin Hospital Dist.* (1987) 193 Cal.App.3d 743 [238 Cal.Rptr. 502]; 67 Ops.Cal.Atty.Gen. 487 (1984).)

The Attorney General considered the definition of "official capacity" in determining whether meetings of the board of directors of the Solano Economic Development Corporation (SEDCORP) were subject to the Brown Act because seven of its thirty-six directors were appointed by the city councils of several Solano County cities and two were appointed by the county board of supervisors. The Attorney General concluded that a city council person and a member of the board of supervisors did not serve on the SEDCORP board in their official capacity because: (1) the law did not require county or city officers to serve on the SEDCORP board; (2) the SEDCORP charter or bylaws did not impose such a requirement; and (3) the county and city officers were not appointed to represent the interests of their appointing entities. (67 Ops.Cal.Atty.Gen., *supra,* at p. 490.)

The *Yoffie* court applied a similar analysis in considering whether the board of a private corporation operating a hospital owned by a local hospital district which included two district board members was a legislative body required to comply with the Brown Act. The court determined that the district board members were not serving on the board in their official capacities because the district did not appoint its members to the corporation's board, the corporation was not required to appoint any district board members, and there was no evidence that the district board members were appointed to the corporation's board to represent the district's interests. (*Yoffie* v. *Marin Hospital Dist., supra,* 193 Cal.App.3d at p. 750.)

We are not bound by the opinions of the Attorney General but we may find them entitled to great weight. (*Joiner* v. *City of Sebastopol* (1981) 125 Cal.App.3d 799, 804-805 [178 Cal.Rptr. 299].) We are persuaded by the Attorney General's reasoning that "at a minimum an appointee to serve in such [official capacity] would have to be appointed to represent the interests of his appointing entity." (67 Ops.Cal.Atty.Gen., *supra,* at p. 490.) As in *Yoffie, supra,* there was no evidence in the present case that the members of the board of supervisors were appointed to the Task Force to represent the board's interests. In addition, the City's charter did not require board members to serve on the task force nor were there any bylaws of the Task Force requiring such participation. More importantly, there was no evidence that the board of supervisors required its members to serve on the Task Force or exercised any control over the members' actions on the Task Force. In light of these facts, the Task Force was not subject to the open meeting requirements of the Brown Act. Because we have determined that the Task Force was not a legislative body within the meaning of section 54952, we need not

address the City's argument that the mayor is exempt from the provisions of the Brown Act.

The judgment is affirmed.

Anderson, P. J., and Channell, J., concurred.

Appellants' petition for review by the Supreme Court was denied March 15, 1990.