[No. A078588. First Dist., Div. Two. Feb. 17, 1999.]

JON C. FRETLAND, Plaintiff and Appellant, v.
COUNTY OF HUMBOLDT, Defendant and Respondent.

**COUNSEL**

Bradford C. Floyd for Plaintiff and Appellant.

Michael S. Balavage for Defendant and Respondent.

**OPINION**

**HAERLE, Acting P. J.—**

## I. INTRODUCTION

Jon C. Fretland (Fretland) appeals a summary judgment which disposed of his action against his former employer, the County of Humboldt (the County). Fretland contends triable issues of fact exist as to his claims for discrimination in violation of the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.; FEHA), assault and battery and emotional distress.

In an opinion certified for partial publication that was filed on May 5, 1998, this court held that Fretland's claims are barred by the exclusive remedy provisions of the workers' compensation law and affirmed the judgment. Our Supreme Court granted review on August 12, 1998. On September 30, 1998, the court transferred this case to us with directions to vacate our prior decision and to reconsider the cause in light of *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143 [77 Cal.Rptr.2d 445, 959 P.2d 752] (*City of Moorpark*).[1]

Our May 5, 1998, decision in this case is hereby vacated. We hold that, under *City of Moorpark*, Fretland's FEHA and emotional distress claims are not barred by the exclusive remedy provisions of the workers' compensation law. However, we affirm summary judgment against Fretland on his assault and battery claim against the County on the basis that it is barred by the same exclusive remedy provisions.

---

[1]Pursuant to California Rules of Court, rule 29.4(f), the parties had 30 days after the Supreme Court's order to file a supplemental brief in this court. Since no supplemental brief was filed, this cause is deemed submitted. (Cal. Rules of Court, rule 22.59(c).)

## II. Facts and Procedural Background

On November 2, 1985, Fretland filed his complaint against the County and two County employees, Gordon Schuler (Schuler) and Fred Vadar (Vadar). After the lower court sustained demurrers to several causes of action, Fretland filed a first amended complaint alleging the following facts: Fretland was first hired by the County's department of public works in December 1973 and worked there until September 1982, when he was terminated because of medical problems with his lower back. He was rehired in July 1985, pursuant to a written memorandum of understanding and with the County's knowledge that he would be unable to perform certain strenuous physical functions.

According to the complaint, Fretland began to be subjected to harassment and discrimination by County employees in 1991. Fretland alleged, among other things, that he was falsely accused of stealing County materials and of idleness during work hours, that Vadar and Schuler ordered him to use unsafe machinery, that Vadar verbally abused him, vandalized his car and made obscene and threatening phone calls to him, and that Vadar and Schuler lied about him to coworkers and told them not to associate with him. Fretland further alleged that, on January 24, 1995, Vadar committed an unprovoked assault and battery on him by grabbing him and "propelling him against a stair railing" and yelling profanities. Fretland claimed the resulting injury to his back has rendered him unable to work since the incident occurred.

Fretland claimed his treatment by County employees was the result of hostility because of Fretland's physical disability and was retaliation for Fretland's exercise of his legal rights and constituted "unlawful discrimination in employment" in violation of the FEHA. He alleged causes of action for constructive discharge, discrimination and harassment based on a physical handicap, breach of contract, breach of the implied covenant of good faith and fair dealing, retaliation, conspiracy, assault and battery and negligent and intentional infliction of emotional distress.

The trial court sustained demurrers to the claims for conspiracy, constructive discharge, breach of contract, breach of the implied covenant, and retaliation. The demurrer rulings are not at issue in this appeal. The County and Schuler obtained summary judgment on the remaining claims for discrimination, assault and battery and emotional distress. The court also granted Vadar's motion for summary adjudication as to the discrimination and emotional distress claims. Fretland's claim against Vadar for assault and battery is apparently still pending.

Fretland filed a timely notice of appeal of the judgment in favor of the County and Schuler. Pursuant to a stipulation between the parties, this court dismissed Fretland's appeal as against Schuler.

## III. DISCUSSION

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) The trial court's summary judgment rulings are subject to de novo review. (*580 Folsom Associates* v. *Prometheus Development Co.* (1990) 223 Cal.App.3d 1, 14 [272 Cal.Rptr. 227].)

### A. *The FEHA Claim*

Fretland's second cause of action is entitled "discrimination and harassment based upon physical handicaps." In it, Fretland alleged that defendants' conduct constituted discrimination in employment due to a physical handicap in violation of the FEHA. The FEHA is codified at sections 12900 to 12996 of the Government Code. The purpose of this statute is set forth in Government Code section 12921, which states: "The opportunity to seek, obtain and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, or age is hereby recognized as and declared to be a civil right." The trial court ruled that Fretland's second cause of action failed as a matter of law "because the exclusive remedy of the Labor Code bars civil remedy for discrimination due to an employee's industrial injury."

#### 1. *Nature of Fretland's Disability*

The lower court found that it was undisputed that the discrimination and harassment claim "arose out of an industrial injury." The County produced uncontradicted evidence which supports this finding, including (1) the complaint Fretland filed with the FEHA prior to filing the present suit, wherein Fretland alleged the defendants discriminated against him in retaliation for filing a workers' compensation claim, (2) Fretland's interrogatory response stating: "I believe my previous back problems were the cause of the harassment and discrimination," and (3) Fretland's deposition testimony confirming that the sole premise of his discrimination claim was that the County and his supervisors were angry about his prior work-related injuries and about his alleged intention to "drain the County for every cent" that he could.

In opposing summary judgment, Fretland would not admit that the sole basis for his discrimination claim was his work-related injuries. However,

Fretland presented no contrary evidence. Thus, the trial court properly found that the sole basis for Fretland's discrimination claim was work-related injury. The legal question we face is whether a claim for work-related injury discrimination in violation of the FEHA is barred by the exclusive remedy provision of the workers' compensation law.

### 2. *The Exclusivity Rule*

The trial court granted summary judgment against Fretland on his discrimination claim because it found that the workers' compensation law provided Fretland's exclusive remedy for discrimination because of a work-related injury.

Workers' compensation law does expressly provide a remedy for work-related injury discrimination. Labor Code section 132a[2] specifically addresses this type of discrimination and provides increased workers' compensation remedies to an employee who suffers such an injury.[3] (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 666-668 [150 Cal.Rptr. 250, 586 P.2d 564].)

Workers' compensation law also contains broadly worded exclusivity provisions. Section 3600, subdivision (a), provides that "subject to certain particular exceptions and conditions, workers' compensation liability, 'in lieu of any other liability whatsoever' will exist 'against an employer for any injury sustained by his or her employees arising out of and in the course of the employment.' " (*Fermino* v. *Fedco, Inc.* (1994) 7 Cal.4th 701, 708 [30 Cal.Rptr.2d 18, 872 P.2d 559], quoting § 3600, subd. (a).) And, section 3602 provides that "[w]here the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is . . . the sole and exclusive remedy of the employee or his or her dependents against the employer . . . ." (§ 3602, subd. (a).)

██ The question is whether section 132a is the exclusive remedy for work-related injury discrimination.[4] In *City of Moorpark, supra,* 18 Cal.4th 1143, our Supreme Court expressly found that it is not. The *City of Moorpark* plaintiff was an administrative secretary employed by a city who

---

[2]All further statutory citations are to the Labor Code unless otherwise indicated.

[3]Section 132a declares that it is the "policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment." The statute provides, among other things, that an employer who discriminates against an employee for filing a workers' compensation claim or testifying in a compensation proceeding is guilty of a misdemeanor and that the employee is entitled to increased compensation and other specified remedies. (§ 132a, subd. (1).)

[4]Alternatively, Fretland argues that his discrimination claim falls within an express exception to the exclusivity rule which is contained in section 3602, subdivision (b)(1). That section

suffered a work-related knee injury. The plaintiff's supervisor terminated her for the stated reason that her injury prevented her from performing essential job functions. (*Id.* at pp. 1148-1149.) In her lawsuit against the city, the plaintiff alleged discrimination based on a physical disability in violation of FEHA. The city claimed the plaintiff's action was barred by the exclusivity provisions of the workers' compensation law. The trial court disagreed and the Supreme Court affirmed.

The *City of Moorpark* court began by analyzing the language of section 132a itself. The court found that the existence of a workers' compensation remedy does not, by itself, establish that remedy is exclusive, and emphasized that section 132a does not itself contain an exclusive remedy clause. (*City of Moorpark, supra,* 18 Cal.4th at p. 1154.) The court also found reason to treat section 132a differently from other workers' compensation remedies because it addresses the breach of an employee's civil rights and applies regardless whether the employee has suffered a medical injury.

The *City of Moorpark* court also found that the general exclusivity provisions, sections 3600, subdivision (a) and 3602, subdivision (a), do not establish that section 132a is an exclusive remedy for work-related injury discrimination. The court reasoned that "the plain language of the exclusive remedy provisions" contained in sections 3600, subdivision (a) and 3602, subdivision (a) "apparently limits those provisions to division. 4 remedies. Remedies that the Legislature placed in other divisions of the Labor Code are simply not subject to the workers' compensation exclusive remedy provisions." (*City of Moorpark, supra,* 18 Cal.4th at p. 1155.) Section 132a is contained in division 1 of the Labor Code.

The *City of Moorpark* court also found that terminations in violation of section 132a fall outside the compensation bargain because such conduct is " ' "obnoxious to the interests of the state and contrary to public policy and sound morality." ' [Citations.]" .(*City of Moorpark,. supra,* 18 Cal.4th at p. 1155.) Finally, the court emphasized the broad scope of the FEHA and concluded it would be inconsistent with the purpose of that legislation to limit its applicability to disabilities unrelated to work. (*Id.* at p. 1157.)

*City of Moorpark* establishes that ". . . section 132a does not provide an exclusive remedy and does not preclude an employee from pursuing FEHA and common law wrongful discharge remedies." (*City of Moorpark, supra,*

applies to willful physical assaults by an employer. Although we must and will address section 3602, subdivision (b)(1), as it applies to Fretland's separate claim for assault and battery (see *post*), this exception is irrelevant to Fretland's second cause of action which seeks redress for injuries resulting from alleged discrimination and harassment, not from Vadar's allegedly willful physical assault.

18 Cal.4th at p. 1158.) Therefore, the trial court erred by finding that Fretland's second cause of action was barred by the exclusive remedy provisions of the workers' compensation laws.[5]

## B. *The Assault and Battery Claim*

The lower court granted the County summary judgment on the seventh cause of action on the ground the assault and battery allegedly committed by Vadar "did not occur within the course and scope of employment with the County." Fretland contends this ruling was erroneous because there is a triable issue of fact as to whether Vadar's assault and battery was committed within the scope of his employment, thereby rendering the County liable pursuant to the doctrine of respondeat superior. We reject this contention because even if Vadar was acting within the scope of his employment, workers' compensation is Fretland's exclusive remedy against the County.

### 1. *The Exclusivity Rule*

■ Fretland contends workers' compensation is not the exclusive remedy for the assault and battery he allegedly suffered because his claim falls within the following express exception to the exclusivity rule: "An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances: [¶] (1) Where the employee's injury or death is proximately caused by a willful physical assault by the employer." (§ 3602, subd. (b)(1).)

This exception applies if Vadar's alleged attack constitutes a willful physical assault by Fretland's *employer*. Fretland contends that it does, pursuant to the doctrine of respondeat superior. Under that doctrine, ". . . an employer may be held vicariously liable for torts committed by an employee within the scope of employment. [Citation.]" (*Mary M.* v. *City of Los Angeles* (1991) 54 Cal.3d 202, 208 [285 Cal.Rptr. 99, 814 P.2d 1341].) We hold that the doctrine of respondeat superior cannot be used to extend the section 3602, subdivision (b)(1) exception to exclusivity to an employer.

Assaults by a coemployee are not even mentioned in section 3602, subdivision (b)(1). In contrast, such assaults are the express subject of section 3601, subdivision (a)(1), which provides that workers' compensation

---

[5]Our conclusion makes it unnecessary for us to address Fretland's alternative argument that a 1993 amendment to the FEHA preempts the workers' compensation exclusivity rule with respect to claims for work-related disability discrimination. In this regard, we note that the *City of Moorpark* court expressly declined to decide "what effect, if any, the 1993 FEHA amendment had on section 132a." (*City of Moorpark, supra*, 18 Cal.4th at p. 1154.)

is an employee's exclusive remedy for claims for "injury or death of an employee against any other employee of the employer acting within the scope of his or her employment, except that an employee . . . shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against the other employee, as if this division did not apply . . . [¶] (1) [w]hen the injury or death is proximately caused by the willful and unprovoked physical act of aggression of the other employee."

Section 3601, subdivision (a)(1), establishes an exception to the exclusivity rule permitting Fretland's cause of action against Vadar for the assault and battery. However, this exception does not authorize a private action against an employer based on *another employee's* willful and unprovoked physical act of aggression. Any doubt as to this point is removed in section 3601, subdivision (b), which states: "In no event, either by legal action or by agreement whether entered into by the other employee or on his or her behalf, shall the employer be held liable, directly or indirectly, for damages awarded against, or for a liability incurred by the other employee under paragraph (1) or (2) of subdivision (a)." Section 3601, subdivision (b), unambiguously prohibits imposing civil liability on an employer for one employee's assault and battery of another.

Applying the doctrine of respondeat superior as Fretland proposes, to expand the scope of the section 3602, subdivision (b)(1), exception to cover conduct committed by a coemployee, would directly violate section 3601, subdivision (b). To reconcile these two statutory provisions, liability under section 3602, subdivision (b)(1), must be based on positive misconduct by the employer and not on a theory of vicarious liability such as that which forms the basis of the doctrine of respondeat superior.

Our conclusion is consistent with the analysis of Division One of this court in *Iverson* v. *Atlas Pacific Engineering* (1983) 143 Cal.App.3d 219 [191 Cal.Rptr. 696] (*Iverson*), disagreed with on other grounds in *Soares* v. *City of Oakland* (1992) 9 Cal.App.4th 1822, 1829-1830 [12 Cal.Rptr.2d 405]. *Iverson* was a suit against an employer and its employee for assault, false imprisonment, emotional distress and negligence. The plaintiff alleged that the employee defendant "willfully 'set up a steel horseshoe target directly above [appellant's] place of work,' forced appellant to remain in confined quarters against his will, and repeatedly pounded a large sledge hammer against the target which subjected appellant to 'loud crashing noises . . . .' " (*Iverson, supra*, 143 Cal.App.3d at p. 222.) The plaintiff further alleged that his employer " 'condoned and ratified' " its employee's tortious conduct by "failing to 'criticize, censure, terminate, suspend or otherwise sanction or take any action' against him." (*Ibid.*)

The *Iverson* court ruled that the trial court erroneously granted defendants' demurrers pursuant to the workers' compensation exclusivity rule. The court found that the suit against the employee who committed the alleged assault was permissible under section 3601, subdivision (a)(1). But the court expressly rejected the contention that liability for the employee's acts could be imputed to appellant's employer. (*Iverson, supra,* 143 Cal.App.3d at p. 226.) According to the court, section 3601 "insulates the employer from common law vicarious liability to an employee for the acts of another employee." (143 Cal.App.3d at p. 227.) We agree that is the only reasonable interpretation of section 3601.[6]

Most of the authority upon which Fretland relies to support his contention the County is liable for Vadar's tort pursuant to the doctrine of respondeat superior is inapposite because it does not involve injury inflicted upon a coemployee and, thus, does not implicate section 3601, subdivision (b). (See *Carr* v. *Wm. C. Crowell Company* (1946) 28 Cal.2d 652 [171 P.2d 5]; *John R.* v. *Oakland Unified School Dist.* (1989) 48 Cal.3d 438 [256 Cal.Rptr. 766, 769 P.2d 948]; *Mary M.* v. *City of Los Angeles, supra,* 54 Cal.3d 202.)[7] Indeed, the only case Fretland cites which holds that agency principles can be applied to hold an employer civilly liable for the intentional torts of another employee committed in the course of employment is *Meyer* v. *Graphic Arts International Union* (1978) 88 Cal.App.3d 176, 178-179 [151 Cal.Rptr. 597] *(Meyer).*) However, *Meyer* is not persuasive to us because the court's terse analysis does not even mention section 3601, subdivision (b),

---

[6]The limitation on the civil liability of the employer for an employee's misconduct was contained in subdivision (c) of the version of section 3601 that was in effect when the *Iverson* plaintiff incurred his injury. (*Iverson, supra,* 143 Cal.App.3d at pp. 222-223, fns. 2 & 3.) That limitation is now contained in subdivision (b) of section 3601.

The incident at issue in *Iverson* occurred before section 3602, subdivision (b)(1), was enacted. However, at that time, there was a judicially established exception to the exclusivity rule for physical assaults committed by the employer upon an employee. (*Magliulo* v. *Superior Court* (1975) 47 Cal.App.3d 760 [121 Cal.Rptr. 621]; see also *Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465, 475 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758].) The *Iverson* court's method of reconciling that judicial exception with the limitation on employer liability for assaults committed by coemployees applies as well to our analysis of section 3602, subdivision (b)(1), which codified that judicial exception.

[7]At oral argument, Fretland's counsel argued, for the first time, that his position was supported by *Farmers Ins. Group* v. *County of Santa Clara* (1995) 11 Cal.4th 992, 1005-1006 [47 Cal.Rptr.2d 478, 906 P.2d 440] *(Farmers).* He suggested that *Iverson* is inconsistent with our Supreme Court's analysis in *Farmers.* The *Farmers* court held that the California Tort Claims Act (Gov. Code, §§ 825-825.6, 995-996.6) does not require a public entity to indemnify an employee for liabilities arising out of a sexual harassment lawsuit against the employee because such conduct falls outside the scope of employment. (*Farmers, supra,* 11 Cal.4th at p. 997.) Although *Farmers* involved coemployees, the challenged conduct was sexual harassment, not assault. The *Farmers* court did not discuss section 3601 or any aspect of the workers' compensation exclusivity rule. Nothing in the *Farmers* analysis is inconsistent with the *Iverson* court's interpretation of section 3601.

which expressly limits the liability of an employer for the willful acts of its employees.

In his reply brief, Fretland argues, for the first time, that the County is strictly liable for Vadar's acts because Vadar was Fretland's supervisor when the alleged assault occurred. Evidence pertaining to Vadar's supervisory status is disputed. However, we conclude Fretland has waived this strict liability argument. Fretland has never before alleged the County is strictly liable for Vadar's conduct and certainly did not rely on a strict liability theory in opposing the summary judgment. As a general rule, a party cannot raise a new theory of liability on appeal. (See, e.g., *Strasberg* v. *Odyssey Group, Inc.* (1996) 51 Cal.App.4th 906, 920 [59 Cal.Rptr.2d 474]; *Richmond* v. *Dart Industries, Inc.* (1987) 196 Cal.App.3d 869, 874 [242 Cal.Rptr. 184]; see generally, Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1998) ¶ 8:229 et seq., p. 8-106 et seq.) Further, on appeal, Fretland cannot properly raise this new theory in a reply brief. (See, e.g., *Reichardt* v. *Hoffman* (1997) 52 Cal.App.4th 754, 763-766 [60 Cal.Rptr.2d 770]; *Stoll* v. *Shuff* (1994) 22 Cal.App.4th 22, 25 & fn. 1 [27 Cal.Rptr.2d 249]; *American Drug Stores, Inc.* v. *Stroh* (1992) 10 Cal.App.4th 1446, 1453 [13 Cal.Rptr.2d 432].) Finally, Fretland's sole authority for his new theory is Government Code sections 12926, subdivision (d), and 12940, subdivision (h)(1). These provisions are part of the FEHA and Fretland offers no authority for using cases decided under the FEHA to interpret a statutory exception to the workers' compensation exclusivity rule.[8]

Thus, we conclude that the exception to the exclusivity rule contained in section 3602, subdivision (b)(1), does not authorize a civil action against an employer for injury resulting from the willful assault of a coemployee based on a theory of respondeat superior. However, this conclusion does not end our inquiry.

### 2. Ratification

■ The *Iverson* court recognized that the prohibition against imposing vicarious liability on an employer does not apply when there was "positive misconduct" by the employer such as when the employer "ratified" the tortious conduct of its employee and thereby became "liable for the employee's wrongful conduct as a joint participant." (*Iverson, supra,* 143 Cal.App.3d at p. 228.) Other courts have also recognized that an employer

---

[8]Since we are concerned only with the scope of the workers' compensation exclusivity rule as it pertains to willful assaults, we need not consider the distinct issues of employer and supervisor liability for discrimination under the FEHA. (Cf. *Reno* v. *Baird* (1998) 18 Cal.4th 640 [76 Cal.Rptr.2d 499, 957 P.2d 1333].)

can be held civilly liable as a joint participant in assaultive conduct committed by its employee pursuant to the doctrine of ratification. (See *Herrick* v. *Quality Hotels, Inns & Resorts, Inc.* (1993) 19 Cal.App.4th 1608, 1618 [24 Cal.Rptr.2d 203]; *Hart* v. *National Mortgage & Land Co.* (1987) 189 Cal.App.3d 1420, 1432 [235 Cal.Rptr. 68], disagreed with on other grounds in *Mogilefsky* v. *Superior Court* (1993) 20 Cal.App.4th 1409, 1415-1416 [26 Cal.Rptr.2d 116].)

In the present case, Fretland alleged and continues to maintain that the County "adopt[ed] and ratifi[ed]" Vadar's conduct and that it promoted and condoned a work environment in which such conduct was tolerated. The County contends "the trial court properly exercised its discretion in determining that there is no triable issue as to the material fact that there was no ratification." There are two things wrong with this contention.

First, whether there is a triable issue of material fact does not turn on trial court discretion. A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as *a matter of law.*" (Code Civ. Proc., § 437c, subd. (c), italics added.) The trial court's summary judgment ruling is subject to independent review. (*Angell* v. *Peterson Tractor, Inc.* (1994) 21 Cal.App.4th 981, 986 [26 Cal.Rptr.2d 541].) "The only exception to the independent review standard applies when we review a trial court's exercise of discretion as allowed by Code of Civil Procedure section 437c, subdivision (e). Under all other circumstances, it is legally and procedurally incorrect to apply an abuse of discretion standard. [Citation.]" (*Ibid.*)

Second, the County's argument notwithstanding, the trial court made no ruling regarding ratification; indeed it never addressed that issue in any of its orders notwithstanding the fact that both parties argued the issue below and presented factual evidence allegedly supportive of their respective positions.

Nevertheless, ". . . where there is no genuine issue of material fact, the appellate court should affirm the judgment of the trial court if it is correct on any theory of law applicable to the case." (*Western Mutual Ins. Co.* v. *Yamamoto* (1994) 29 Cal.App.4th 1474, 1481 [35 Cal.Rptr.2d 698]; see also *Farron* v. *City and County of San Francisco* (1989) 216 Cal.App.3d 1071, 1074 [265 Cal.Rptr. 317].) In the present case, if there is no triable issue of fact to preclude a finding that the County did not ratify Vadar's alleged conduct, the workers' compensation exclusivity rule bars Fretland's assault and battery claim as a matter of law.

"Ratification is the voluntary election by a person to adopt in some manner as his own an act which was purportedly done on his behalf by

another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him. [Citations.] A purported agent's act may be adopted expressly or it may be adopted by implication based on conduct of the purported principal from which an intention to consent to or adopt the act may be fairly inferred, including conduct which is 'inconsistent with any reasonable intention on his part, other than that he intended approving and adopting it.' [Citations.]" (*Rakestraw* v. *Rodrigues* (1972) 8 Cal.3d 67, 73 [104 Cal.Rptr. 57, 500 P.2d 1401].)

In moving for summary judgment, the County argued that it was undisputed that "[n]o one from the County ratified the alleged assault and battery." To support this contention, the County submitted the declaration of Donald R. Raffaelli. Raffaelli was the deputy public works director of the road equipment and maintenance division at the time the incident occurred and, as such, was Schuler, Vadar and Fretland's superior. Raffaelli was directly responsible for investigation and discipline relating to claims of harassment, discrimination and assaults and batteries. In his declaration, Raffaelli outlined the steps he took to investigate Fretland's claim that Vadar committed an assault and battery against him. After his investigation, which produced conflicting stories from Vadar and Fretland, Raffaelli issued a "letter of warning" to "Vadar on March 15, 1995, to treat all employees with fairness and respect."

In opposing summary judgment, Fretland did not produce any evidence which either contradicts Raffaelli's testimony or in any way indicates the County may have ratified the assault and battery. Instead, Fretland relied on his own deposition testimony during which he maintained that he repeatedly reported incidents of discrimination and harassment to his superiors, who failed to take any action. This testimony may arguably be relevant to prove the County actively participated in discrimination, but it is not relevant to prove ratification of the assault and battery. Thus, Fretland has failed to rebut the County's undisputed evidence and to raise a triable issue of fact.

In summary, there is no exception to the exclusivity provisions of the workers' compensation law permitting an employee to hold an employer civilly liable for another employee's misconduct pursuant to the doctrine of respondeat superior. Further, the exception to the exclusivity provisions for an employer's own misconduct does not apply in this case because the County did not ratify the assault and battery allegedly committed by Vadar. Therefore, the exclusivity provisions apply to Fretland's seventh cause of action and summary judgment was properly granted.

## C. The Emotional Distress Claims

The trial court granted summary judgment on Fretland's eighth cause of action, for intentional infliction of emotional distress, and ninth cause of

action, for negligent infliction of emotional distress. The County defends this ruling by arguing that "the California Supreme Court has held that the exclusive remedy provision of the workers' compensation laws precludes an action for intentional infliction of emotional distress against one's employer." The cited authority, *Cole* v. *Fair Oaks Fire District Protection Dist.* (1987) 43 Cal.3d 148 [233 Cal.Rptr. 308, 729 P.2d 743] (*Cole*), does not support this proposition.

*Cole* held that "when the employee's [emotional distress] claim is based on conduct normally occurring in the workplace, it is within the exclusive jurisdiction of the Workers' Compensation Appeals Board." (*Cole, supra*, 43 Cal.3d at p. 151.) The *Cole* court reasoned that ". . . when the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability. The basis of compensation and the exclusive remedy provisions is an injury sustained and arising out of the course of employment [citation], and when the essence of the wrong is personal physical injury or death, the action is barred by the exclusiveness clause no matter what its name or technical form if the usual conditions of coverage are satisfied. [Citation.]" (*Id.* at p. 160.)

*Cole* does not prohibit all emotional distress causes of action against an employer, but only those based on conduct that is a normal risk of the employment relationship. Indeed, our Supreme Court made this point clear in *Livitsanos* v. *Superior Court* (1992) 2 Cal.4th 744 [7 Cal.Rptr.2d 808, 828 P.2d 1195] (*Livitsanos*), another case upon which the County mistakenly relies. The *Livitsanos* court expressly found that a plaintiff's emotional distress claims against his employer would not be preempted if the "defendants' misconduct exceeded the normal risks of the employment relationship." (*Id.* at p. 756.)

As discussed above, work-related injury discrimination is not a normal risk of the compensation bargain. (*City of Moorpark, supra*, 18 Cal.4th at p. 1155.) Thus, Fretland's emotional distress claims are not barred by the exclusivity rule to the extent they seek emotional distress damages for the alleged work-related injury discrimination. Summary judgment on the eighth and ninth causes of action should not have been granted.

## IV. DISPOSITION

The judgment in favor of the County is reversed. Summary judgment was properly granted on the assault and battery claim against the County, but

should not have been granted as to Fretland's second cause of action against the County for violation of the FEHA and Fretland's eighth and ninth causes of action against the County for intentional and negligent infliction of emotional distress.

Lambden, J., and Ruvolo, J., concurred.