Joaquin BATISTA, Plaintiff—
Appellant,

v.

STEWART ENTERPRISES, INC., aka:
El Camino Memorial Park;  Robin
Brandt, Defendants—Appellees,

and

Earl THOMPSON, Defendant.

No. 03–55671.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 2004.

Decided Jan. 5, 2005.

Thomas R. Gill, Esq., The Gill Group–APC, San Diego, CA, for Plaintiff–Appellant.

Tara L. Wilcox, Sheppard, Mullin, Richter and Hampton, LLP, San Diego, CA, for Defendant–Appellee.

Before: HUG, PREGERSON, and BERZON, Circuit Judges.

## MEMORANDUM *

Joaquin Batista ("Batista") appeals the district court's grant of summary judgment to Stewart Enterprises ("Stewart"). As the facts are familiar to the parties, we do not recite them here except as necessary to understand our disposition. We review the district court's decision on summary judgment de novo, *see Vasquez v. County of Los Angeles,* 349 F.3d 634, 639 (9th Cir.2003), and the district court's decision not to reconsider summary judgment for abuse of discretion, *see FTC v. Garvey,* 383 F.3d 891, 896–97 (9th Cir.2004), and affirm.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

This court has jurisdiction under 28 U.S.C. § 1291. Batista argued that the Stewart's alleged violation of its progressive discipline policy, included in the collective bargaining agreement ("CBA"), constituted proof that Stewart's non-discriminatory reason for his firing was a pretext for age discrimination; the Stewart disputed Batista's interpretation of its progressive discipline policy.

■ Batista thus chose to frame his discrimination claim so that it turned largely on a disputed interpretation of the CBA. Under section 301 of the Labor Management Relations Act, pre-emption was, therefore, appropriate. The preemption analysis does not turn on the label that a plaintiff gives a claim, or whether he directly refers to the CBA, *Allis–Chalmers v. Lueck,* 471 U.S. 202, 211, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985), but on whether interpretation of the CBA is in fact central to the claim. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 406, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

## I. FEHA Age Discrimination Claim

■ Stewart was entitled to summary judgment on Batista's age discrimination claim raised under California's Fair Employment and Housing Act ("FEHA"). *See* Cal. Govt.Code § 12940(a). The *McDonnell Douglas* burden shifting framework applies to such claims. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1113 (2000). Batista established a prima facie case, as he has shown "that (1) he was a member of a protected class, (2) he was ... performing competently in the position he held, (3) he suffered an adverse employment action, such as termination ... and (4) some other circumstance suggests discriminatory motive." *Id.* That Batista, 56 years old when Stewart fired him, was replaced by a youn-

ger man under the age of 40, presents the requisite "some other circumstance."

■ Stewart rebutted the prima facie case, meeting its burden of production, *see id.* at 1114, by proffering a non-discriminatory reason for Batista's termination: his "inappropriate, sexual, and willful misconduct," reported by several of Batista's coworkers and documented in an investigation conducted by Robin Brandt ("Brandt"), Stewart's Vice President of Human Resources. To survive summary judgment, Batista needed to prove that this reason was pretextual, either "indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." *Chuang v. Univ. of Cal. Davis, Bd. of Trustees,* 225 F.3d 1115, 1127 (9th Cir. 2000).

Critically, Batista does not deny either that he engaged in the behavior Stewart cites as the reason for his discharge or that such behavior could be grounds for discharge. There are statements from Batista's co-workers detailing their complaints, and Batista admitted in his deposition testimony that he had engaged in inappropriate behavior.

■ Batista has therefore failed to meet his burden of persuasion. Evidence of replacement with a younger man does not, standing alone, indicate that the asserted reason for discharging him was not believable, although that fact could support such a conclusion. Nor was there direct evidence of discrimination by his immediate supervisor, Earl Thompson ("Thompson"), or by Brandt, the final decisionmaker concerning Batista's termination, sufficient to raise a triable issue of material fact concerning pretext. The one reported age

discriminatory remark by Thompson[1] was at least one year before his termination, and Thompson was not a decisionmaker regarding termination.

Batista also asserts that Stewart violated its own policies by not engaging in "progressive discipline," as required by the Stewart's Employee Handbook, incorporating standards specified by the CBA covering Batista's unit. The Employee Handbook allows, however, for termination without progressive discipline when an employee has engaged in "willful misconduct."

Batista's assertion that Emelinda Felt's deposition testimony impeaches Brandt's credibility and creates a genuine issue of material fact lacks merit. The record reveals that Felt simply did not recall her conversations with Brandt surrounding the investigation, and does not support the insinuation that the investigation was inadequate or a sham.[2]

We therefore affirm the district court's grant of summary judgment on the FEHA age discrimination claim.

## II. FEHA Retaliation Claim

■ We also affirm the district court's grant of summary judgment to Stewart on Batista's FEHA retaliation claim. Batista claims that his termination resulted from his frequent advice to his twenty or so Spanish-speaking co-workers about their rights in the workplace, none of which concerned discrimination issues. Under the burden shifting scheme for retaliation claims, however, Batista has not established that he "acted to protect [his] FEHA rights, that an adverse employment action was thereafter taken against [him], and that a causal link exists between those

two events." *Kortan v. Cal. Youth Authority,* 217 F.3d 1104, 1112 (9th Cir.2000) (citation and internal quotation marks omitted).

At his deposition, Batista was unable to recall more than a few random instances when he assisted his co-workers with employment matters, none described as involving discrimination issues. His claim is further undermined by his admission that he never translated materials for Spanish-speaking workers. In addition, there is no evidence that Brandt, the final decisionmaker as to Batista's termination, ever knew about the few times when Batista assisted his co-workers.

We therefore affirm the district court's grant of summary judgment on the retaliation claim.

## III. Assault and Battery Claims

■ We agree with the district court that Stewart is not liable for Batista's assault and battery claims, stemming from a 1999 altercation with Thompson. California's Workers's Compensation Act provides the exclusive route for Batista to seek relief against Stewart with regard to Thompson's actions.

For an employer to be liable for assault and battery by a plaintiff's co-employee, "there [must be] 'positive misconduct' by the employer such as when the employer 'ratified' the tortious conduct of its employee and thereby became 'liable for the employee's wrongful conduct as a joint participant.'" *Fretland v. County of Humboldt,* 69 Cal.App.4th 1478, 82 Cal.Rptr.2d 359, 366 (1999). In addition, "[l]ike employers, co-employees are generally immune from

1. Thompson, at one point, called Batista an "old fart."

2. Batista rested his motion for reconsideration to the district court on this point. As

Felt's deposition testimony provided no evidence to bolster Batista's theory that Brandt's investigation was a sham, we affirm the district court's denial of Batista's motion.

civil liability for injury they cause in the workplace unless they 'have entertained a desire to bring about the injurious result.' " *Soares v. City of Oakland,* 9 Cal. App.4th 1822, 12 Cal.Rptr.2d 405, 409 (1992) (citation omitted).

Batista has not raised a genuine issue of material fact as to whether Stewart ratified Thompson's misconduct. After Batista reported Thompson's misconduct, Stewart issued a stern warning letter to Thompson, indicating that similar future conduct would result in his termination. There is no evidence that Stewart evidence in any way "ratified" Thompson's misconduct.

We therefore affirm the district court's grant of summary judgment to Stewart on these claims.

## IV. Negligent Supervision

■ Nor has Batista raised a genuine issue of material fact as to whether Stewart is liable for negligent supervision of a violent person because it did not adequately supervise Thompson. "California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee." *Doe v. Capital Cities,* 50 Cal.App.4th 1038, 58 Cal.Rptr.2d 122, 132 (1996). A reasonable jury could not find that Stewart should have known that Thompson was an unfit employee who posed a threat to others. Batista has presented no evidence that Stewart had any notice of Thompson's alleged violent tendencies before the September 1999 incident, whether from Batista or anyone else. Batista stated at his deposition that he had never heard Thompson threaten any employee at El Camino with bodily harm.

We therefore affirm the district court's grant of summary judgment on this claim.

## V. Emotional Distress

The district court granted summary judgment to Stewart on the emotional distress claims, concluding that its grant of summary judgment on the FEHA age discrimination, assault, and battery claims necessitated such a result. We agree with the district court and affirm.

## VI. Harassment

■ Finally, we affirm the district court's grant of summary judgment on Batista's claim that Stewart violated FEHA's explicit prohibition against harassing an employee. The FEHA does not create liability for "occasional, isolated, sporadic, or trivial" acts of harassment. *Etter v. Veriflo Corp.,* 67 Cal.App.4th 457, 79 Cal. Rptr.2d 33, 37 (1998). Batista has offered no evidence of harassment as it relates to his protected activities, and only identified Thompson's single age discriminatory comment. This isolated statement may not establish liability for FEHA harassment. We therefore affirm the district court's grant of summary judgment.

AFFIRMED.