Filed 4/29/13  P. v. Devizcarra CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

| | |
|---|---|
| THE PEOPLE, | C070856 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 080006580) |
| v. | |
| JAIME FERNANDO DEVIZCARRA, | |
| Defendant and Appellant. | |

Sentenced to state prison for committing assault by means of force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(1)), with an enhancement for personally inflicting great bodily injury (§ 12022.7, subd. (a)), and second degree burglary (§ 459), defendant Jaime Fernando Devizcarra contends only that the trial court abused its discretion in making its order of restitution to victim Edim Kurtovic. (§ 1202.4, subd. (f).)  We disagree and shall affirm.

---

[1] Undesignated section references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

According to police reports, defendant and another person attempted to shoplift from the University of California, Davis bookstore. Kurtovic, a store security officer, stopped the two men outside the store. Defendant tried to flee, then returned and punched Kurtovic in the jaw.

When the trial court imposed sentence on defendant, it reserved jurisdiction to determine victim restitution.

The People moved for a restitution hearing, seeking an order of $4,930. In support, they attached a statement from Kurtovic dated December 7, 2009, which gave this amount as the total salary lost by himself and his wife from December 9, 2008, the date of defendant's crime.[2] A statement from University of California, Davis Occupational Health Services indicated that defendant's assault fractured Kurtovic's mandible, requiring hospitalization for surgery.

Kurtovic calculated his loss of salary from August 2009, when he began to receive 80 percent of his salary due to disability, through December 2009, as $480 per month (20 percent of his salary), for a total of $2,400. Kurtovic also stated that his salary loss began August 14, 2009, and was ongoing, but would increase to 30 percent as of February 12, 2010.

The People also attached Kurtovic's earning statement from University of California, Davis, which showed his gross earnings as $3,311.71 per month and his net earnings as $2,403.29 per month.

In a subsequent brief, the People amended their requested award to $12,991.31. The new amount claimed included $8,061.31 for lost vacation and sick time from December 2008.

---

[2] The amount of lost salary defendant calculated for his wife ($2,530 for December 2008) is not at issue on appeal.

2

The probation department thereafter submitted a document "for the court's consideration" requesting a total restitution award of $13,791.31. This document was a copy of Kurtovic's previous statement, but with the claim of $2,400 in lost salary replaced by a claim of $3,200 for the same time period.

Defendant did not file opposition to the People's motion.

At the hearing on the motion, defense counsel called Kurtovic as a witness, but did not present any other evidence.

Kurtovic testified that he began to receive 80 percent of his salary in August 2009 as disability income after running out of vacation and sick leave. He believed his total income, absent the injury and disability, would have been around $3,200 per month; he stated that the 80 percent figure was based on that gross amount.

The prosecutor pointed out that Kurtovic's testimony was inconsistent with his written statement. Based on gross earnings of $3,200 per month, a 20 percent loss for one month would equal $640, not $480 as shown in the statement, and a loss of $640 per month for five months would equal $3,200, not $2,400 as shown in the statement. Therefore, the prosecutor asked the trial court to award $3,200 for loss of salary.

Asked for comment on this point, Kurtovic concluded that he had based the calculation in his written statement on his net monthly income, not his gross monthly income.

Defense counsel conceded that Kurtovic was entitled to 20 percent of his income in restitution, and did not take a position on whether that amount should be based on gross or net earnings.[3]

---

[3] Counsel objected to the amounts claimed for the wife's lost income and for Kurtovic's lost vacation and sick time. Defendant does not renew these arguments on appeal, however, and we therefore deem them abandoned.

3

The trial court awarded Kurtovic $13,791.31 in restitution, consisting of $2,530 for his wife's lost income, $3,200 for his lost salary, and $8,061.31 for lost vacation and sick time.

## DISCUSSION

Defendant challenges only the $3,200 award for Kurtovic's lost salary. Defendant contends: (1) that award was too high because Kurtovic requested a lesser amount, and (2) even if the court could properly base the award on Kurtovic's gross monthly income rather than his net monthly income, the amount awarded is too high because Kurtovic's loss of income began on August 14, 2009, not August 1, 2009. We are not persuaded.

"[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim . . . in an amount established by court order, based on the amount of loss claimed by the victim . . . or any other showing to the court." (§ 1202.4, subd. (f).)

"A defendant is entitled to a restitution hearing to 'dispute the determination of the amount of restitution.' (§ 1202.4, subd. (f)(1).) As recently explained, 'At a victim restitution hearing, a prima facie case for restitution is made by the People based in part on a victim's testimony on, or other claim or statement of, the amount of his or her economic loss. [Citations.] "Once the . . . [ . . . People have] made a prima facie showing of [the victim's] loss, the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim." ' (*People v. Millard* (2009) 175 Cal.App.4th 7, 26 (*Millard*); see also [*People v.*] *Giordano* [2007] 42 Cal.4th [644,] 664 ['The burden is on the party seeking restitution to provide an adequate factual basis for the claim.'].)" (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172 (*Chappelone*).)

"We review the trial court's restitution order for abuse of discretion. [Citations.]" (*Chappelone, supra*, 183 Cal.App.4th at p. 1173.) Where there is a factual and rational

4

basis for the order under the substantial evidence standard, an abuse of discretion will not be found. (*People v. Millard,* 175 Cal.App.4th 7, 26 (*Millard*).)

Here, the People documented the basis for every dollar of restitution awarded by the trial court. Defendant made no showing below that the amount of Kurtovic's lost salary was other than that set out in the People's documentation. Defendant also did not raise either of the objections to the amount of the lost salary award which he raises on appeal. A party may not offer a new theory of the case on appeal, especially if it depends on factual questions which could have been raised below but were not. (*Bogacki v. Board of Supervisors* (1971) 5 Cal.3d 771, 780 *(Bogacki)*; *Fretland v. County of Humboldt* (1999) 69 Cal.App.4th 1478, 1489 (*Fretland*).)

So far as defendant asserts that the trial court abused its discretion by ordering restitution based on Kurtovic's gross earnings because his original request was based on his net earnings, the argument also fails on the merits. Defendant cites no authority holding that a trial court may award only the amount of restitution originally requested by the victim, or that the court must disregard later and more reliable evidence of the victim's actual losses, and we know of no such authority. In any event, it appeared from Kurtovic's testimony that he had meant to claim lost salary based on gross earnings all along and simply made a mistake in arithmetic in his original statement.

Defendant's claim that the trial court abused its discretion by awarding lost salary for the full month of August 2009 rather than for only the second half of the month is forfeited because he did not raise it below. (*Bogacki, supra*, 5 Cal.3d at p. 780; *Fretland, supra*, 69 Cal.App.4th at p. 1489.) Had he done so, the People would have had the opportunity to explain why they considered the first of August an appropriate starting date. Because defendant did not challenge that premise, he failed to meet his burden of showing that the true amount of loss was other than that claimed by the victim. (*Millard, supra,* 175 Cal.App.4th at p. 26.)

## DISPOSITION

The order of victim restitution is affirmed.

    BLEASE    , J.

We concur:

    RAYE    , P. J.

    NICHOLSON    , J.

6