**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRIS VASQUEZ; ELIZARIO PEREZ,<br><br>            Plaintiffs - Appellants,<br><br>   v.<br><br>COUNTY OF LOS ANGELES; LEROY BACA, in his individual capacity; ALFONSO ANDRADE, individual capacity; JEFFREY RIVERA, individual capacity; JASON SNYDER, individual capacity; HERNAN NOEL DELGADO; JUAN NAVARRO; JOSEPH GONZALEZ; MAURICIO RODRIGUEZ,<br><br>            Defendants - Appellees. | No. 13-55112<br><br>D.C. No. 2:11-cv-03849-PSG-PJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted February 10, 2015
Pasadena, California

Before: KOZINSKI, CHRISTEN, and HURWITZ, Circuit Judges.

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Chris Vasquez and Elizario Perez sued several fellow Los Angeles County Sheriff's Department deputies, the County of Los Angeles, and the Sheriff of Los Angeles County, asserting claims under 42 U.S.C. § 1983 and state law. Vasquez and Perez appeal the summary judgments entered by the district court in favor of the defendants and the denial of a motion to alter the judgment pursuant to Federal Rule of Civil Procedure 59(e). We have jurisdiction under 28 U.S.C. § 1291, and affirm in part, vacate in part, and remand in part.

**1.** A plaintiff asserting a § 1983 claim has the burden of proving that a constitutional deprivation was "committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). The plaintiffs failed to provide evidence that the individual deputies acted under color of state law during an altercation at a holiday party at a private restaurant. Nor is there evidence that the County placed the plaintiffs in affirmative danger. *See Huffman v. Cnty. of Los Angeles*, 147 F.3d 1054, 1059–61 (9th Cir. 1998). Thus, the district court properly granted summary judgment with respect to the § 1983 claims against the deputies, the County of Los Angeles, and Sheriff Leroy Baca. Because an excessive force claim under the Bane Act, Cal. Civ. Code § 52.1, also requires state action, *see Jones v. Kmart Corp.*, 949 P.2d 941, 943 (Cal. 1998), that claim fails as well.

**2.** The district court also did not err in granting summary judgment with respect to the assault and battery claim against the County. If the defendant deputies acted within the scope of their employment during the altercation, workers' compensation is the plaintiffs' exclusive remedy. *See Fretland v. Cnty. of Humboldt*, 82 Cal. Rptr. 2d 359, 364–66 (Ct. App. 1999).

**3.** The district court granted summary judgment on Vasquez's California Labor Code § 1102.5 whistleblower retaliation claim for failure to exhaust administrative remedies. In light of California Labor Code § 244(a), which the County suggests may have eliminated the requirement for exhaustion, we vacate the summary judgment on this claim and remand to the district court to consider in the first instance the effect, if any, of the statute on the § 1102.5 claim. On remand, the district court may also consider the alternative grounds offered by the County for dismissal of this claim.

**4.** Denial of a Federal Rule of Civil Procedure 59(e) motion is reviewed for abuse of discretion. *Int'l Rehabilitative Scis. Inc. v. Sebelius*, 688 F.3d 994, 1000 (9th Cir. 2012). The plaintiffs' motion was based on a report about jail violence. The district court did not abuse its discretion in finding that the report contained no evidence about whether the defendant deputies acted under color of law during the altercation.

3

**AFFIRMED IN PART, VACATED IN PART, REMANDED IN PART.**

Costs to Appellees.