Filed 2/4/16  In re M.H. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re M.H. et al., Persons Coming Under the Juvenile Court Law. | B260541 (Los Angeles County Super. Ct. No. DK00787) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent; <br><br> TRACY J., <br><br> Respondent <br> v. <br><br> STEVEN H., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marilyn Kading Martinez, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Dismissed.

Anthony D. Zinnanti, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Jacklyn K. Louie, Deputy County Counsel, for Plaintiff and Respondent.

Pamela Rae Tripp, under appointment by the Court of Appeal, and Ernesto Paz Rey, for Respondent Tracy J.

**INTRODUCTION**

In this juvenile dependency case, Steven H. (father) challenges a restraining order entered on May 30, 2014 against him, protecting his three children and their mother, respondent Tracy J. (mother). Father filed a first appeal, *In re M.H.* (B258028), directly from the restraining order. While that appeal was pending, the dependency proceedings continued below, and the dependency court ultimately issued a disposition order reflecting a stipulated agreement by the parties. That agreement and order granted full custody of the children to mother and also included a modification to the restraining order regarding visitation. Father filed the instant appeal from the disposition order, largely challenging the original terms of the restraining order for a second time. He then dismissed his first appeal as moot. Mother contends that his second appeal is untimely to the extent it challenges the restraining order. We agree. Further, to the extent father asserts a challenge to the custody provisions of the disposition order, that claim has been forfeited. We therefore dismiss this appeal.

**FACTS AND PROCEDURAL BACKGROUND**

We relate herein only the background information necessary to resolve the timeliness and forfeiture issues presented.

A. *Section 300 Petition and First Appeal*

On September 6, 2013, Los Angeles County Department of Children and Family Services (DCFS) filed a juvenile dependency petition under Welfare and Institutions Code section 300, subdivisions (a), (b) and (j),[1] on behalf of M.H. (born 2004), and twins Le.H. and Lo.H. (born 2007) (collectively, the children).[2] As later sustained, the petition

---

[1]Statutory references herein are to the Welfare and Institutions Code unless otherwise indicated.

[2]The majority of evidence in this matter is included in the record of father's first appeal. On our own motion, we take judicial notice of the record of father's first appeal. (Evid. Code § 452, subd. (d); see also *Lang v. Roche* (2011) 201 Cal.App.4th 254, 257, fn. 1 ["We take judicial notice of the prior appeals because they are related prior proceedings leading to the present appeal. [Citations.].] We also grant father's request

2

alleged that father had "violated the boundaries" of the children, mother, and mother's adult daughter, B.J., including by "grabbing the children's arm[s] and leaving bruises, physically disciplining [them] with a paddle, locking the kitchen pantry precluding access to food, and forcing a sexual encounter" with mother. Mother reported to DCFS that she was in the process of getting a divorce from father and had obtained a temporary restraining order (TRO) preventing father's contact with mother or the children. In brief, mother alleged that father had raped her in May 2013, had threatened to physically harm her and her boyfriend, Larry C., and had a "long history of physically abusing the children." In interviews with DCFS, the children stated that they were afraid of their father and that he would yell at them and spank them using a paddle.

Mother's initial application for a TRO against father was granted on July 24, 2013 by the family law court, protecting mother, the children, and B.J. After the dependency petition was filed, the hearing on the permanent restraining order was transferred to the dependency court. After attempts by the parties at mediation and several continuances, the hearing on the restraining order began on March 26, 2014. The dependency court acknowledged that much of the delay was due to its overly congested calendar, but found a sufficient basis to extend the TRO over father's objection. Testimony continued on multiple days over the following two months.

The jurisdictional hearing, including the conclusion of testimony regarding the restraining order, was held on May 30, 2014. Father stipulated to jurisdiction based on the amended section 300 petition. Accordingly, the court sustained the petition, ordered the children to remain released to mother, and set the matter for a contested disposition hearing.

The dependency court also made findings of fact regarding the restraining order, including expressly finding mother's testimony credible, B.J.'s testimony "very credible," and father's testimony "not credible." The court issued a three-year restraining

that we take judicial notice of the docket of the first appeal. (Evid. Code § 452, subd. (d).)

3

order against father, protecting mother, the children, and B.J., and allowing father monitored visitation of one hour per week.

Father timely filed a notice of appeal on July 29, 2014 from the court's entry of the restraining order (first appeal).

B.    *Disposition and Second Appeal*

While father's first appeal was pending, the dependency court granted father's request to continue the disposition hearing for 45 days (to October 24, 2014) as he had retained new counsel.  On October 8, 2014, at a pretrial conference, the court noted that the parties had reached an agreement granting mother full legal and physical custody of the children, with continued monitored visitation for father.  As a result, the court found by clear and convincing evidence pursuant to section 361, subdivision (c), that "substantial danger exists to the children and there is no reasonable means to protect them without removing them from their father's custody."  Father did not object.

On October 14, 2014, father filed a request for a hearing for orders to, among other things, vacate the court's October 8, 2014 order removing the children from father's custody and granting full custody to mother.  Father argued that mother had violated their agreement, including by failing to deliver the children for their monitored visitation with father.

The parties engaged in further settlement discussions and ultimately reached an agreement regarding the terms of a proposed custody order and final judgment.  At the disposition hearing on October 24, 2014, the court recognized the parties' agreement and entered the order granting full custody to mother, visitation to father, and termination of dependency jurisdiction.  The court further ordered that the "existing restraining order be modified" to reflect the agreed-upon visitation order.  The court signed form JV-257 (Change to Restraining Order After Hearing) reflecting a modified visitation order.[3]  The court also acknowledged father's earlier filing seeking to set aside prior orders, noting that it appeared to be moot given the parties' agreement, "but at any rate, I do deny that

_____

[3]The precise terms of the modification to father's visitation are not contained in the record, but it appears the parties agreed to allow more frequent visits.

4

request." Father raised no objection to any of the terms of the court's orders. On November 24, 2014, father filed an appeal from the orders entered October 24, 2014, "specifically, that portion of the order incorporating the CLETS restraining order, as amended."

Father then filed a request to dismiss the first appeal as moot on December 17, 2014. We accordingly dismissed that case on January 2, 2015.

## DISCUSSION

A. *Timeliness of Appeal Challenging Restraining Order*

Mother contends that while father's first (now dismissed) appeal of the restraining order was timely, his current appeal is not, and therefore must be dismissed. We agree.

"Compliance with the time for filing a notice of appeal is mandatory and jurisdictional. [Citation.] If a notice of appeal is not timely, the appellate court must dismiss the appeal." (*Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 582; see also California Rules of Court, rule 8.104, subd. (b) ["[N]o court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the reviewing court must dismiss the appeal."].)

A challenge to a restraining order issued in a juvenile dependency proceeding "is subject to review on direct appeal from the order granting the restraining order." (*In re Cassandra B.* (2004) 125 Cal.App.4th 199, 208 (*Cassandra B.*); see also Code Civ. Proc., § 904.1, subd. (a)(6); *Brydon v. City of Hermosa Beach* (1928) 93 Cal.App. 615, 620 ["the intent of the statute is that all orders granting or refusing injunctions, whether temporary or permanent or provisional pending appeal, shall be appealable"].) A notice of appeal must be filed within 60 days after the juvenile court makes an appealable order. (*Cassandra B., supra*, 125 Cal.App.4th at p. 208; see also § 395, subd. (a)(1); Cal. Rules of Court, rule 8.400, 8.406, subd. (a)(1).)

Thus, because the dependency court's issuance of the restraining order on May 30, 2014 was directly appealable, father's challenge to the restraining order had to be filed within 60 days of that order. Father's first appeal, filed on July 29, 2014, was within the

5

statutory time limit to challenge the issuance of the restraining order. His second appeal, filed on November 24, 2014, was not.

While father's briefs do not directly respond to the timeliness challenge raised by mother, he appears to argue that his current appeal was timely because it was taken from the "final incarnation of the restraining order" as amended and attached to the court's October 24, 2014 disposition order. Without further explanation, father cites *Cassandra B., supra*, 125 Cal.App.4th at p. 208, to support this contention. In fact, *Cassandra B.*, decided under very similar circumstances, illustrates why dismissal is required here. In *Cassandra B.*, as here, the appellant filed two separate appeals to challenge the issuance of a restraining order. First, the mother filed a direct appeal from the restraining order. Then, she filed a second appeal from the dependency court's dispositional order, which maintained the restraining order and modified it as to visitation. (*Id*. at pp. 203, 207.) The court of appeal held that mother's second appeal was untimely, as it was filed more than 60 days following entry of the original restraining order. (*Id*. at pp. 208-209.) As the court concluded, "'"[a]n appeal from the most recent order entered in a dependency matter may not challenge prior orders for which the statutory time for filing an appeal has passed." [Citations.]'" (*Ibid*.)

Further, the modification to the restraining order does not extend father's time to challenge the issuance of the original order. As a general rule, courts allow an appeal from an order modifying an injunction only where: "(1) the later orders have modified an injunction "in important particulars" and the appeal challenges the modifications; or (2) the appeal may have been timely even if taken from the original injunction; or (3) the appellant contested the procedures by which the injunction was modified." (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1083 [citations omitted].) Courts have accordingly dismissed appeals of modifications to restraining orders where, as here, the appellant did not challenge the modification, but rather, the original issuance of the order. (See, e.g., *id*. at p. 1084 [holding that to the extent appeal of modified restraining order "presents issues that could have been raised in an appeal from the original restraining order, those issues are not reviewable in this appeal"]; *Cassandra B., supra*, 125 Cal.App.4th at pp.

6

208-209; cf. *Lister v. Bowen* (2013) 215 Cal.App.4th 319, 330 [second appeal timely because "the trial court's reduction of the length of the new restraining order from five to three years was a material or substantial modification"].)

Here, both appeals by father challenged the original bases for the restraining order. In the instant appeal, father argues that: (1) the dependency court's extreme delay of almost a year before issuing the permanent restraining order was in excess of the court's jurisdiction and the resulting order was therefore void; (2) there was insufficient evidence to extend the restraining order to the children; (3) the restraining order was based on inadmissible evidence and improper evidentiary rulings; and (4) the "cumulative error" from the proceedings rendered them "fundamentally unfair" and warrants reversal of the restraining order. At no point does father challenge the modification regarding visitation made to the restraining order in October 2014; indeed, he stipulated to those terms. As such, because the instant appeal seeks to challenge the restraining order issued on May 30, 2014, it must be dismissed as untimely.

B. *Forfeiture of Custody Issues*

Mother and DCFS further contend that any issues raised by father regarding the custody award were forfeited by his stipulation to those terms and his failure to object below. We agree.

It is unclear from the record whether father is seeking to appeal any aspects of the dependency court's custodial order. His notice of appeal narrowly identifies the portion of the disposition order at issue as "that portion of the order incorporating the CLETS restraining order, as amended." On the other hand, in his opening brief, father argues that the dependency court erred by granting physical custody of the children to mother "without consideration of the factors set forth in Family Code, section 3044."

"'A party forfeits the right to claim error as grounds for reversal on appeal when he or she fails to raise the objection in the trial court. [Citations.] Forfeiture, also referred to as "waiver," applies in juvenile dependency litigation and is intended to prevent a party from standing by silently until the conclusion of the proceedings. [Citations.]' (In re *Dakota H.* (2005) 132 Cal.App.4th 212, 221–222 [].) A party may

not assert theories on appeal that were not raised in the trial court. (*Fretland v. County of Humboldt* (1999) 69 Cal.App.4th 1478, 1489 [].)" (*Kevin R. v. Superior Court* (2010) 191 Cal.App.4th 676, 686.)  Father does not dispute that he failed to raise this objection before the court below or that he stipulated to the terms that became the court's custodial order.  Accordingly, we conclude that, to the extent father is challenging the order granting custody to mother, he has forfeited the right to raise this issue on appeal.

**DISPOSITION**

Dismissed.[4]

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.

---

[4] On February 1, 2016, we received father's Notice of Motion and Motion for Orders regarding Respondent's Distribution of Confidential Briefs and Materials.  We have determined that the allegations within the motion are not appropriate for appellate review.  The relief requested in the proposed order is denied without prejudice to renewal of father's request before the trial court.